RECEIVED

SEP 1 1 2006

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| COMES NOW, | ) | CIVIL ACTION NO. _____ |
| CHARLES WILLIAM RAY, | ) | |
| PLAINTIFF, | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | VERIFIED COMPLAINT FOR DAMAGES DUE TO |
| | ) | ALLEGED CONSTITUTIONAL RIGHTS VIOLATIONS |
| V. | ) | AND ILLEGAL "CONFISCATION", SEIZURE, FOR- |
| | ) | FEITURE, AND DISPOSAL OF PERSONAL PROPERTY |
| | ) | WITHOUT JURISDICTION AND WITHOUT AUTHORITY |
| | ) | OF LAW, BY DECEPTION AND DEPRIVATION. |

THE OFFICE OF ATTORNEY GENERAL FOR THE STATE OF IOWA

V.

THOMAS J. MILLER, ATTORNEY GENERAL, THE STATE OF IOWA, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY

V.

THE OFFICE OF THE SCOTT COUNTY IOWA ATTORNEY

V.

WILLIAM E. DAVIS, COUNTY ATTORNEY, SCOTT COUNTY IOWA, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY

V.

THEODORE J. PRIESTER (ATTORNEY P.I.N. 4223), ASSISTANT COUNTY ATTORNEY,
SCOTT COUNTY, IOWA, INDIVIDUALLY AND IN HIS OFFI-
CIAL CAPACITY

V.

THE OFFICE OF THE IOWA DEPARTMENT OF PUBLIC SAFETY

    V.

KEVIN W. TECHAU, COMMISSIONER, THE IOWA DEPARTMENT OF PUBLIC SAFETY,
        INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

    V.

THE OFFICE OF THE IOWA BUREAU OF CRIMINAL INVESTIGATION

    V.

EUGENE T. MEYER, DIRECTOR, THE IOWA BUREAU OF CRIMINAL INVESTIGATION,
        INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

    V.

BOBBI M. ALPERS, JUDGE, THE STATE OF IOWA 7TH JUDICIAL DISTRICT COURT, IND-
        IVIDUALLY AND IN HER OFFICIAL CAPACITY

    V.

THE CITY OF ELDRIDGE IOWA POLICE DEPARTMENT

    V.

MARTIN J. STOLMEIER (BADGE #104), CHIEF, ELDRIDGE IOWA POLICE DEPART-
        MENT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

    V.

RICHARD N. HEPPE (BADGE #110), PATROL AND PROPERTY CONTROL OFFICER, ELD-
        RIDGE IOWA POLICE DEPARTMENT, INDIVIDUALLY AND IN HIS
        OFFICIAL CAPACITY

    V.

TIMOTHY N. ELLS (BADGE #106), POLICE OFFICER, ELDRIDGE IOWA POLICE DEPART-
        MENT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

    V.

BRIAN L. CARSTEN (BADGE #108), POLICE OFFICER, ELDRIDGE IOWA POLICE DEPART-

MENT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

    V.

ALBERTO R. GONZALES, ATTORNEY GENERAL, THE UNITED STATES, THE UNITED STATES DEPARTMENT OF JUSTICE, INDIVIDUALLY

    V.

MATTHEW G. WHITAKER, DISTRICT ATTORNEY, THE UNITED STATES, THE UNITED STATES DEPARTMENT OF JUSTICE, INDIVIDUALLY

    V.

RICHARD D. WESTPHAL, ASSISTANT DISTRICT ATTORNEY, THE UNITED STATES, THE UNITED STATES DEPARTMENT OF JUSTICE, INDIVIDUALLY

    V.

JOHN W. MAGAW, DIRECTOR, THE UNITED STATES BUREAU OF ALCOHOL, TOBACCO, FIRE-ARMS, AND EXPLOSIVES, INDIVIDUALLY

    V.

JON CARL PETERSON, SUPERVISORY AGENT, THE UNITED STATES BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, INDIVIDUALLY

    V.

KEVIN P. FARNSWORTH, SPECIAL AGENT, THE UNITED STATES BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, INDIVIDUALLY

    V.

JOHN DOE

    V.

JANE DOE

    V.

et al.

## COMPLAINT

PLAINTIFF CHARLES WILLIAM RAY (HEREAFTER PLAINTIFF OR PLAINTIFF RAY), BRINGS THIS ACTION TO OBTAIN RECOVERY AND REDRESS FOR THE DEPRIVATION AND CONSPIR- ACY TO DEPRIVE PLAINTIFF RAY OF HIS FEDERALLY PROTECTED RIGHTS AS HEREAFTER ALLEGED, AND FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. PLAINTIFF RAY, FURTHER BRINGS THIS ACTION TO OBTAIN RECOVERY AND REDRESS FOR THE DEPRIVATION AND CONSPIRACY TO DEPRIVE PLAINTIFF RAY OF HIS PERSONAL PROPERTY AS HEREAFTER ALLEGED, AND FOR THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. THE DEFENDANT'S INDIVIDUAL ACTIONS AND THE COMBINED CONSPIRED ACTIONS OF THE DEFENDANT'S, HAS HARMED PLAINTIFF RAY'S PERSON AND PERSONAL PROPERTY.

## JURISDICTION

1. JURISDICTION OF THIS COURT IS INVOKED PURSUANT TO 42 U.S.C. SECTION 1983, AND THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT AND THE FIFTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

2. JURISDICTION OF THIS COURT IS ALSO INVOKED PURSUANT TO 42 U.S.C. SECTION 1986, BECAUSE OF GOVERNMENT OFFICIALS THAT WERE ENTRUSTED TO PROTECTING PLAINTIFF RAY'S RIGHTS, AND THEIR FAILURE TO PERFORM.

3. JURISDICTION OF THIS COURT IS FURTHER INVOKED PURSUANT TO THE RIGHTS AND PRIVILEDGES TO PERSONAL PROPERTY AS GUARANTEED BY THE NINTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

4. Jurisdiction of this court is additionally invoked pursuant to 28 U.S.C. Section 1331 (Bivens Action), because of a Federal Question and because District Courts shall have original jurisdiction of all Civil Actions arising under the Constitution of the United States, and pursuant to 28 U.S.C. Section 1367 (a), Supplemental Jurisdiction, because this claim involves the joinder or intervention of additional parties.

## Venue

5. Venue is appropriate in this Judicial District, under 28 U.S.C. Section 1391 (a)(2), because the Plaintiff resided in the same Judicial District where all of the events giving rise to this Action occurred.

6. Venue is also appropriate in this Judicial District, under 28 U.S.C. Section 1391 (e), because the Defendants were officers or employees of the United States or any Agency thereof acting in his/her official capacity or under color of legal authority, or an Agency of the United States, and/or (1) the Defendants in this Action resided in the same Judicial District, and (2) all of the property that is the subject of this Action was situated.

7. Venue is further appropriate in this Judicial District, under 28 U.S.C. Section 1395 (a), because a Civil Proceeding for the recovery of a forfeiture may be prosecuted in the District where it accrues or the Defendant(s) are found, and (b), because a Civil Proceeding for the forfeiture of property may be prosecuted in any District where such property is found.

## PARTIES

8. PLAINTIFF CHARLES WILLIAM RAY, WAS FORMERLY A RESIDENT OF ELDRIDGE, IOWA, FROM AUGUST 28, 1979 UNTIL MARCH 1, 2004. PLAINTIFF RAY, HAS BEEN INCARCER- ATED AT THE FEDERAL CORRECTIONAL INSTITUTION, REG. NO. 11840-030, P.O. BOX 1000, OXFORD, WI 53952-1000, SINCE MAY 10, 2004, (REFERENCE EXHIBIT

9. THE ABOVE NAMED DEFENDANTS, AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAIN- TIFF RAY, EITHER ARE OR WERE EMPLOYED AS GOVERNMENT EMPLOYEES OR OFFICIALS OF: THE CITY OF ELDRIDGE, IOWA; OR THE COUNTY OF SCOTT COUNTY, IOWA; OR THE IOWA 7TH JUDICIAL DISTRICT COURT; OR THE STATE OF IOWA; OR THE UNITED STATES OF AMERICA. THE KNOWN DEFENDANT'S LAST KNOWN ADDRESSES ARE LOCATED IN ELDRIDGE, OR DAVENPORT, OR SCOTT COUNTY, IOWA; OR DES MOINES OR POLK COUNTY, IOWA; OR SPRINGFIELD OR KANSAS CITY, MO; OR WASHINGTON, D.C.; OR OTHER LOCATIONS.

10. CAUSE TO BE BROUGHT ADDRESSES WILL BE LISTED AS LAST KNOWN ADDRESSES.

11. THIS ACTION IS BEING FILED IN THE NON-U.S. FEDERAL GOVERNMENT EMPLOYEE AND OFFICIALS DEFENDANTS OFFICIAL CAPACITY AND INDIVIDUALLY.

12. THIS ACTION IS BEING FILED INDIVIDUALLY IN THE U.S. FEDERAL GOVERNMENT EMPLOYEES AND OFFICIALS INTEREST.

## FACTUAL BACKGROUND
### (VIRTUAL CHRONOLOGICALLY ORDERED EVENTS)

13. ON JANUARY 25, 2001, STATE OF IOWA SEARCH WARRANT NUMBER 2305, WAS APPLIED FOR, ISSUED, AND EXECUTED BY THE ELDRIDGE, IOWA POLICE DEPARTMENT (HEREAFTER EPD), AT PLAINTIFF RAY'S THEN RESIDENCE, LOCATED AT 840 EAST IOWA STREET #3C, ELDRIDGE, IOWA 52748. (REFERENCE EXHIBITS "A-1" THRU "A-11").

14. OFFICER RICHARD N. HEPPE (BADGE #110), EPD PATROL AND PROPERTY CONTROL OFFICER, APPLIED FOR STATE OF IOWA SEARCH WARRANT NUMBER 2305, ON JANUARY 25, 2001. THE ISSUED SEARCH WARRANT WAS EXECUTED THAT SAME DAY BY EPD PERSONNEL INCLUDING BUT NOT LIMITED TO: CHIEF MARTIN J. STOLMEIER (BADGE #104), AND OFFICERS RICHARD N. HEPPE (BADGE #110), TIMOTHY N. ELLS (BADGE #106), AND BRIAN L. CARSTEN (BADGE #108), (REFERENCE EXHIBITS "A-1" THRU "A-11", "B-1" THRU "B-3", AND "C-1" AND "C-2").

15. THE APPLICATION FOR STATE OF IOWA SEARCH WARRANT NUMBER 2305, (REFERENCE EXHIBITS "A-1" THRU "A-4"), STATES:

"IN SCOTT COUNTY, THERE IS NOW CERTAIN PROPERTY, NAMELY:

U.S. POSTAL PACKAGES AND/OR MAIL NOT ADDRESS TO THE SUSPECT CHARLES RAY, AND THEIR CONTENTS, BUT NOT LIMITED TO A LADIES BURGUNDY V-NECK SWEATER, TAN LADIES SKIRT, 2 SETS OF DISHES WHICH WOULD BE WHITE

IN COLOR WITH WHITE & PINK FLOWERS ON THEM, AND A COOK BOOK "ALL NEW COOK BOOK FOR DIABET-ICS AND THEIR FAMILIES " "

16. PLAINTIFF RAY, POINTS TO THE STATE OF IOWA APPLICATION FOR SEARCH WARRANT NUMBER 2305, WHICH DOES NOT REFERENCE FIREARMS OR OTHER ASSOCIATED PROPERTY, (REFERENCE EXHIBITS "A-1" THRU "A-4").

17. THE ENDORSEMENT ON THE STATE OF IOWA APPLICATION FOR SEARCH WARRANT NUMBER 2305, (REFERENCE EXHIBIT "A-5."), REFERENCES PROPERTY AS STATED IN #2., "ABSTRACT OF TESTIMONY", WHICH STATES:

"1-25-01 POLICE HAD A MAIL PACKAGE AT THE APT. BLDG MAIL BOXES ADDRESSED TO A RESIDENT - NOT CHARLES RAY. RAY WAS VIDEO TAPED TAKING THE PACKAGE."

18. PLAINTIFF RAY, POINTS TO THE ENDORSEMENT ON THE STATE OF IOWA APPLICATION FOR SEARCH WARRANT NUMBER 2305, (REFERENCE EXHIBIT "A-5"), WHICH DOES NOT REFERENCE FIREARMS OR OTHER ASSOCIATED PROPERTY.

19. THE EXECUTED STATE OF IOWA SEARCH WARRANT NUMBER 2305, DATED JANUARY 25, 2001; THE IOWA SEARCH WARRANT RETURN TO SEARCH WARRANT NUMBER 2305, DATED JANUARY 30, 2001; AND THE EPD "LISTING OF SEIZED PROPERTY," (i.e. "PROPERTY TAKEN"), DATED JANUARY 25, 2001; ALL REFERENCE STATE OF IOWA CASE NUMBER 01-000261, (REFERENCE EXHIBITS "A-9" THRU "A-11").

20. THE PROPERTY SEIZED BY THE EPD IS LISTED ON THE STATE OF IOWA RETURN TO SEARCH WARRANT NUMBER 2305, IOWA CASE NUMBER 01-000261, DATED JANUARY 30, 2001, AND IS ALSO LISTED ON THE EPD "LISTING OF SEIZED PROPERTY" (IE "PROPERTY TAKEN"), DATED JANUARY 25, 2001, 22:17 HOURS, (REFERENCE EXHIBITS "A-9" THRU "A-11").

21. PLAINTIFF RAY, POINTS TO THE ISSUED AND EXECUTED STATE OF IOWA SEARCH WARRANT NUMBER 2305, IOWA CASE NUMBER 01-000261, WHICH WAS NOT ISSUED FOR THE PURPOSE OF SEIZING FIREARMS OR OTHER ASSOCIATED PROPERTY, (REFERENCE EXHIBITS "A-1" THRU "A-11").

22. PLAINTIFF RAY, POINTS TO THE STATE OF IOWA RETURN TO SEARCH WARRANT NUMBER 2305, AND THE EPD "LISTING OF SEIZED PROPERTY" (I.E. "PROPERTY TAKEN"), BOTH DOCUMENTS ARE IN CONJUNCTION TO STATE OF IOWA SEARCH WARRANT NUMBER 2305, STATE OF IOWA CASE NUMBER 01-000261, WHICH DO NOT LIST ANY FIREARMS OR OTHER ASSOCIATED PROPERTY AS SEIZED, (REFERENCE EXHIBITS "A-9" THRU "A-11").

23. PLAINTIFF RAY, POINTS TO THE FACT THAT THE EPD DID NOT SEIZE ANY FIREARMS OR OTHER ASSOCIATED PROPERTY IN RELATION TO THE STATE OF IOWA SEARCH WARRANT NUMBER 2305, STATE OF IOWA CASE NUMBER 01-000261, EXECUTED ON JANUARY 25, 2001, (REFERENCE EXHIBITS "A-1" THRU "A-11", "B-1" THRU "B-3", AND "C-1" AND "C-2").

24. ON FEBRUARY 22, 2001, TWENTY-EIGHT DAYS AFTER STATE OF IOWA SEARCH WARRANT NUMBER 2305 EXECUTION, SPECIAL AGENT KEVIN P. FARNSWORTH,

UNITED STATES BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES (HEREAFTER ATF), APPLIED FOR U.S. FEDERAL SEARCH WARRANT CASE NUMBER 3-01-M-90051. THE SAME WAS ISSUED ON FEBRUARY 22, 2001 AT 10:43, (REFERENCE EXHIBITS "D-1" THRU "D-6").

25. ON FEBRUARY 22, 2001, UNITED STATES FEDERAL SEARCH WARRANT CASE NUMBER 3-01-M-90051, WAS EXECUTED AT PLAINTIFF RAY'S THEN RESIDENCE LOCATED AT 840 EAST IOWA STREET #3C, ELDRIDGE, IOWA 52748, (REFERENCE EXHIBIT "D-6").

26. PLAINTIFF RAY, POINTS TO THE U.S. FEDERAL SEARCH WARRANT APPLICATION AND AFFIDAVIT, ATTACHMENT "C" ITEMS TO BE SEIZED, CASE NUMBER 3-01-M-90051, U.S. CASE NUMBER 3:03-CR-00054-RP-ALL, WHICH LISTS THE ITEMS TO BE SEIZED, (REFERENCE EXHIBITS "D-1" THRU "D-5"), AND WHICH STATES:

"1. FIREARMS AND AMMUNITION.

2. RECORDS RELATIVE TO THE OPERATION OF BUSINESS AS A FEDERAL FIREARMS LICENSEE (FFL) TO INCLUDE ATF FORMS 4473, S (FIREARM TRANSACTION RECORDS), ACQUISITION/DISPOSITION LOG BOOKS, INVOICES, RECEIPTS, CREDIT CARD STATEMENTS REFLECTING FIREARM/AMMUNITION SALES AND ANY ELECTRONIC RECORDS OF SAME.

3. RECORDS RELATIVE TO THE PURCHASE AND SALE OF

FIREARMS AND AMMUNITION AS A NON-LICENSEE.

4. INDICIA OF RESIDENCY."

27. PLAINTIFF RAY, POINTS TO THE APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT, ATTACHMENT "A" AFFIDAVIT, CASE NUMBER 3-01-M-90051, U.S. CASE NUMBER 3:03-CR-00054-RP-ALL, (REFERENCE EXHIBIT "D-2"), PARAGRAPH NUMBER 4., WHICH STATES:

"4. ON JANUARY 25, 2001, OFFICER ELLS EXECUTED A STATE SEARCH WARRANT AT THE RESIDENCE OF CHARLES WILLIAM RAY LOCATED AT 840 EAST IOWA STREET, UNIT 3C. THE WARRANT WAS EXECUTED IN FURTHERANCE OF THE MAIL THEFT INVESTIGATION, WHICH DID PRODUCE EVIDENCE INDICATING RAY HAD TAKEN SOME PACKAGES. OFFICER ELLS SAID THAT WHILE HE WAS AT THE RAY RESIDENCE HE OBSERVED RAY TO BE IN POSSESSION OF 69 FIREARMS. CHARLES RAY PRODUCED DOCUMENTATION TO OFFICER ELLS THAT HE WAS A FEDERALLY LICENSED FIREARM DEALER (FFL), AND THAT HIS RESIDENCE WAS HIS LICENSED PREMISE. RAY'S FFL DOCUMENTS REFLECTED THAT HIS LICENSE EXPIRES ON JUNE 1, 2001."

28. PLAINTIFF RAY, POINTS TO THE ABOVE PARAGRAPH 27, THIS COMPLAINT, QUOTED VER-BAGE TESTIMONY BY ATF SPECIAL AGENT KEVIN P. FARNSWORTH, (REFERENCE EX-HIBIT "D-2", SEARCH WARRANT APPLICATION ATTACHMENT "A" AFFIDAVIT, PARAGRAPH NUMBER 4.), WHICH STATES:

> "OFFICER ELLS SAID THAT WHILE HE WAS AT THE RAY
> RESIDENCE HE OBSERVED RAY TO BE IN POSSESSION
> OF 69 FIREARMS."

29. PLAINTIFF RAY, POINTS TO AND EMPHASIZES THE FACTS THAT: (1) OFFICER ELLS ONLY OBSERVED THE ALLEGED 69 FIREARMS, AND (2) THIS OBSERVATION ON JANUARY 25, 2001, WAS THE "SOLE BASIS" AS STATED ON THE APPLICATION AFF-IDAVIT ATTACHMENT "A" FOR FEDERAL SEARCH WARRANT CASE NUMBER 3-01-M-90051, APPLIED FOR, ISSUED, AND EXECUTED ON FEBRUARY 22, 2001, (REFERENCE EXHIBIT "D-2", PARAGRAPH 4., AND EXHIBIT "E", PAGE 19, LINE 25 AND PAGE 20, LINES 1-6).

30. PLAINTIFF RAY, POINTS TO THE U.S. FEDERAL DISTRICT COURT RECORD TESTIMONY BY ATF SPECIAL AGENT KEVIN P. FARNSWORTH, AN EXECUTIONER OF U.S. FED-ERAL SEARCH WARRANT CASE NUMBER 3-01-M-90051, U.S. CASE NUMBER 3:03-CR-00054-RP-ALL ; FEDERAL CRIMINAL HEARING, CASE NUMBER 03-54, HEARING ON MOTIONS, DATED MONDAY JUNE 30, 2003, 8:30, (REFERENCE EXHIBIT "E"), WHICH STATES:

DIRECT EXAMINATION - FARNSWORTH BY MR.
TERENCE L. MCATEE, ASSISTANT FEDERAL
PUBLIC DEFENDER

MR. MCATEE; AT PAGE 15, LINES 22-25,
THE COLLOQUY IS AS FOLLOWS:

LINE 22.   BY MR. MCATEE

LINE 23. Q.  WHAT DOES THIS FFL ALLOW MR. RAY
            TO DO?

LINE 24. A.  IT ALLOWS HIM TO ENGAGE IN THE
            BUSINESS OF FIRE -- DEALING IN

LINE 25.   FIREARMS

DIRECT EXAMINATION - FARNSWORTH PAGE 16:
FARNSWORTH DIRECT LINES: 1-11, THE COLLOQUY
IS AS FOLLOWS:

LINE 1. Q.  I TAKE IT -- FROM YOUR AFFIDAVIT YOU
            STATED THESE ARE

LINE 2.   THREE-YEAR LICENSES; IS THAT RIGHT?

LINE 3. A.   YES.

LINE 4. Q.   WOULD THIS LICENSE, THIS EXHIBIT
              WERE TALKING ABOUT, HAVE

LINE 5.      BEEN IN EFFECT ON FEBRUARY 22ND
              OF 2001?

LINE 6. A.   I BELIEVE SO.

LINE 7. Q.   DID YOU PERSONALLY CONDUCT THE
              SEARCH ON FEBRUARY 22ND OF

LINE 8.      2001 OF MR. RAY'S RESIDENCE?

LINE 9. A.   YES.

LINE 10. Q.  AND HOW MANY FIREARMS DID YOU
              FIND?

LINE 11. A.  SEVENTY-TWO.

DIRECT EXAMINATION - FARNSWORTH PAGE 19,
FARNSWORTH DIRECT LINES: 10-25, THE
COLLOQUY IS AS FOLLOWS:

LINE 10. Q. AND HE APPARENTLY, AT LEAST FROM
YOU AFFIDAVIT, PRESENTED

LINE 11.   THIS FFL AT THE TIME THE FIREARMS
WERE FIRST FOUND IN JANUARY

LINE 12.   OF 2001; IS THAT RIGHT?

LINE 13. A.  THAT'S CORRECT.

LINE 14. Q.  DO YOU HAVE ANY EVIDENCE THAT
AFTER JANUARY 25TH OF 2001,

LINE 15.   OR BETWEEN THAT DATE -- DO YOU
HAVE ANY LATER EVIDENCE THAT

LINE 16.   MR. RAY POSSESSED FIREARMS BET-
WEEN THAT DATE AND FEBRUARY 22ND

LINE 17.   OF 2001?

LINE 18. A.  BETWEEN THAT ROUGHLY ONE-MONTH
PERIOD?

LINE 19.   YES.

LINE 20.A. THAT HE ACQUIRED NEW FIREARMS,
IS THAT YOUR QUESTION?

LINE 21.Q. YES. OR EVEN POSSESSED, CONTINUED
TO POSSESS FIREARMS.

LINE 22.  AFTER JANUARY 25TH OF 2001.

LINE 23.A. NO ADDITIONAL INFORMATION OTHER
THAN WHAT I RECEIVED FROM

LINE 24.  THE OFFICER.

LINE 25.Q. DOESN'T YOUR AFFIDAVIT RELY
SOLELY ON THAT STATE SEARCH OF

DIRECT EXAMINATION - FARNSWORTH PAGE 20:
FARNSWORTH DIRECT LINES: 1-14, THE COLLOQUY
IS AS FOLLOWS:

LINE 1.   JANUARY 25TH OF 2001?

LINE 2.A.   YES.

LINE 3.Q.  AND ACCORDING TO PARAGRAPH 4

OF YOUR AFFIDAVIT, OFFICER

LINE 4.   ELLS SAID THAT WHILE HE WAS AT
          THE RAY RESIDENCE, HE OBSERVED

LINE 5.   RAY TO BE IN POSSESSION OF 69
          FIREARMS; IS THAT RIGHT?

LINE 6. A.   YES.

LINE 7. Q.   AND AGAIN HE HAD THE FEDERAL
             DEALERS LICENSE; IS THAT

LINE 8.   CORRECT?

LINE 9. A.   CORRECT.

LINE 10. Q.   SO THEY COULD HAVE BEEN SOLD
              IN THAT 28 OR HOWEVER MANY

LINE 11.   DAYS, COULDN'T THEY, PURSUANT TO
           HIS LICENSE?

LINE 12. A.   THEY COULD HAVE, YES.

LINE 13.   MR. McATEE: I DON'T HAVE ANYTHING

FURTHER, YOUR

LINE 14.   HONOR.

CROSS EXAMINATION BY MR. RICHARD D. WESTPHAL,
ASSISTANT UNITED STATES ATTORNEY.

LINE 17.   BY MR. WESTPHAL

LINE 18. Q.  MR. FARNSWORTH, THE FIRST SEARCH
          WARRANT ON JANUARY 25TH OF

LINE 19.   2001, WAS THAT A STATE OR FEDERAL
          WARRANT ?

LINE 20. A.   STATE.

LINE 21. Q.   AND WERE YOU PRESENT FOR EXECUTION
          OF THAT SEARCH WARRANT ?

LINE 22. A.    NO.

LINE 23. Q.  TO YOUR KNOWLEDGE, WAS ANY
          FEDERAL AGENT OR AGENCY INVOLVED

LINE 24.   IN THAT FIRST SEARCH WARRANT IN

JANUARY OF 2001?

LINE 25. A.   NO.

CROSS EXAMINATION - FARNSWORTH PAGE 21:
FARNSWORTH CROSS LINES: 1-25, THE COLLO-
QUY IS AS FOLLOWS:

LINE 1. Q.  DO YOU KNOW IF THAT SEARCH
            WARRANT -- LET ME BACK UP. THE

LINE 2.    STATE SEARCH WARRANT WAS
            EXECUTED IN ELDRIDGE, IOWA,
            CORRECT?

LINE 3. A,   CORRECT.

LINE 4. Q.  TO YOUR KNOWLEDGE, IS THERE
            ANY CORRESPONDING PROVISION

LINE 5.    UNDER IOWA STATE LAW THAT
            PROHIBITS SOMEONE CONVICTED
            OF A

LINE 6.   DOMESTIC VIOLENCE MISDEMEANOR
           FROM POSSESSING FIREARMS?

LINE 7.A.   THERE IS NOT.

LINE 8.Q.   THERE WOULD BE NO REASON
              NECESSARILY, FOR OFFICER ELLS TO

LINE 9.   HAVE DIRECT KNOWLEDGE OF THAT ?

LINE 10.A.   CORRECT.

LINE 11.Q.   AND ALSO, OFFICER ELLS IS AN
              ELDRIDGE STATE -- CITY OF

FARNSWORTH - CROSS - PAGE 21, LINES 12-25:

LINE 12.   ELDRIDGE POLICE OFFICER; IS
              THAT CORRECT ?

LINE 13.A.   THAT'S CORRECT.

LINE 14.Q.   AND THE STATE SEARCH WARRANT
              WAS TO INVESTIGATE A

LINE 15.   COLLATERAL STATE VIOLATION,
              CORRECT ?

LINE 16.   THAT'S CORRECT.

LINE 17.   THE COURT : I REALLY DON'T KNOW
WHAT YOU MEAN BY

LINE 18.   "COLLATERAL." MAYBE YOU CAN MAKE IT
CLEARER. IT DOESN'T MEAN

LINE 19.   ANYTHING TO ME TO SAY A COLLATERAL.

LINE 20.   BY MR. WESTPHAL :

LINE 21. Q.   THE JANUARY 2001 SEARCH WARRANT,
WHAT WAS THE NATURE OF THE

LINE 22.   INVESTIGATION THAT THE STATE SEARCH
WARRANT WAS EXECUTED FOR ?

LINE 23. A.   ELDRIDGE POLICE WERE INVESTIGATING
A THEFT OF MAIL THAT

LINE 24.   MR. RAY WAS A SUSPECT IN.

LINE 25. Q.   HE WAS NOT NECESSARILY THERE
TO INVESTIGATE FIREARMS

FARNSWORTH - CROSS - PAGE : 22, LINES 1-3,
THE COLLOQUY IS AS FOLLOWS :

LINE 1.   VIOLATIONS AT THAT POINT IN TIME?

LINE 2.A.  THAT'S CORRECT.

LINE 3.   MR. WESTPHAL: THAT'S ALL I HAVE,
                                        YOUR HONOR.

REDIRECT EXAMINATION BY MR. TERENCE L.
MCATEE ASSISTANT FEDERAL PUBLIC DEFENDER

MR. MCATEE; AT PAGE 24, LINES 1-25,
THE COLLOQUY IS AS FOLLOWS:

LINE 1.   REDIRECT EXAMINATION

LINE 2.   BY MR. MCATEE

LINE 3.Q.  WHEN YOU SEIZED THE FIREARMS ON
                FEBRUARY 22ND OF 2001, WAS

LINE 4.   THERE ANY INDICATION THAT THE FIRE-
                ARMS WERE BEING USED IN ANY

LINE 5.   MANNER BUT IN COMPLIANCE WITH THE FFL?

LINE 6.A. WELL, THE MERE POSSESSION WAS-- BY

VIRTUE OF HIS CONVICTION,

LINE 7.   PUT HIM IN VIOLATION OF THE LICENSE.

LINE 8. Q.  BUT FROM THE LANGUAGE OF THE FFL
     ITSELF AND THE WAY THE

LINE 9.   GUNS WERE FOUND, IS THERE ANYTHING
     ABOUT THAT THAT'S IN

LINE 10.   VIOLATION OF THE FFL?

LINE 11. A.   IF THE QUESTION IS THE MANNER
     IN WHICH THEY WERE STORED,

LINE 12.   THEY WERE STORED PROPERLY AND
     RECORDED PROPERLY, TO MY

LINE 13.   KNOWLEDGE.

LINE 14. Q.   YOU TESTIFIED THAT THERE IS NO
     COMPARABLE STATE CHARGE TO

LINE 15.   WHAT MR. RAY HAS BEEN CHARGED
     WITH IN FEDERAL COURT; IS THAT

LINE 16.   RIGHT?

LINE 17. A.   YES.

LINE 18. Q.   DID OFFICER ELLS KNOW THAT?

LINE 19. A.   I DON'T KNOW.

LINE 20. Q.   HOW DID IT COME ABOUT THEN THAT
              THE STATE CONTACTED THE

LINE 21.      ATF?

LINE 22. A.   I WOULD PRESUME HE EITHER
              KNEW AT THE TIME OR LEARNED
              LATER

LINE 23.      THAT THERE WAS A FEDERAL VIOLATION
              THERE. HE KNEW THAT MR. RAY

LINE 24.      WAS A LICENSED DEALER.

LINE 25. Q.   SO OFFICER ELLS CONTACTED THE
              ATF BECAUSE MR. RAY WAS A

REDIRECT EXAMINATION - FARNSWORTH PAGE 25:
FARNSWORTH REDIRECT LINES: 1-7, AND 25, THE
COLLOQUY IS AS FOLLOWS:

LINE 1.   LICENSED DEALER AND THERE WERE
          FIREARMS FOUND IN HIS RESIDENCE?

LINE 2.A.  I CAN'T SAY EXACTLY WHY HE CONTACTED.
           I KNOW HE CONTACTED

LINE 3.   US AND INFORMED US THAT A
          LICENSED DEALER WAS UNDER

LINE 4.   INVESTIGATION, IN THIS CASE, MR.
          RAY WAS UNDER INVESTIGATION

LINE 5.  FOR OTHER CHARGES.

LINE 6.Q.  UNRELATED TO THE FIREARMS, THOUGH?

LINE 7.A.  YES.
              .
              .
              .
LINE 25.  MR. MCATEE: I DON'T HAVE ANYTHING
                      FURTHER, YOUR

REDIRECT EXAMINATION - FARNSWORTH PAGE 26:
FARNSWORTH REDIRECT - LINE 1, THE COLLOQUY IS
AS FOLLOWS:

    LINE 1.    HONOR

RECROSS EXAMINATION - FARNSWORTH PAGE 26:
FARNSWORTH RECROSS LINES: 2-21, THE COLLO-
QUY IS AS FOLLOWS:

    LINE 2. THE COURT : MR. WESTPHAL

    LINE 3. RECROSS EXAMINATION

    LINE 4. BY MR. WESTPHAL

    LINE 5. Q. AGENT FARNSWORTH, YOU WERE THE
           AFFIANT THAT GOT THE SECOND

    LINE 6.    SEARCH WARRANT, THE FEDERAL SEARCH
           WARRANT, CORRECT?

    LINE 7. A. CORRECT.

    LINE 8. Q. WAS IT YOUR UNDERSTANDING AT
           THE TIME YOU GOT THAT SEARCH

LINE 9.   WARRANT THAT MR. RAY, EVEN IF HE
          HAD A VALID FFL, COULD LEGALLY

LINE 10.   POSSESS THOSE FIREARMS?

LINE 11. A.   I'M SORRY. COULD YOU REPEAT THAT?

LINE 12. Q.   WAS IT YOUR UNDERSTANDING WHEN
              YOU GOT THAT SEARCH WARRANT,

LINE 13.   APPLIED FOR IT, THAT IF MR. RAY
           HAD THOSE FIREARMS, HE COULD

LINE 14.   LEGALLY POSSESS THEM ON FEBRUARY
           22ND OF 2001?

LINE 15. A.   NO, HE COULD NOT BECAUSE OF
              HIS CONVICTION.

LINE 16. Q.   THAT WOULD BE BY STATUTE, THAT
              PROHIBITION?

LINE 17. A.   THAT'S CORRECT.

LINE 18.   THE COURT: ANYTHING ELSE?

LINE 19. MR. McATEE: NO, YOUR HONOR.

LINE 20. THE COURT: YOU MAY STEP DOWN.

LINE 21. (WITNESS EXCUSED.)

31. PLAINTIFF RAY, EMPHASIZES THE FOLLOWING LINES OF TESTIMONY FROM THE ABOVE PARAGRAPH 30, THIS COMPLAINT, U.S. FEDERAL DISTRICT COURT RECORD TESTIMONY BY ATF SPECIAL AGENT, KEVIN P. FARNSWORTH, (REFERENCE EXHIBIT "E").

| TESTIMONY LINES | EXHIBIT "E" PAGE | COMPLAINT PAGE |
|---|---|---|
| 4-11 | 16 | 14 |
| 10-25 | 19 | 15 |
| 1-12 | 20 | 16 |
| 18-25 | 20 | 18 |
| 1-25 | 21 | 19 |
| 1-2 | 22 | 22 |
| 3-25 | 24 | 22 |
| 1-7 | 25 | 25 |
| 5-7 | 26 | 26 |
| 12-18 | 26 | 27 |

32. ON FEBRUARY 22, 2001, THE ATF EXECUTED U.S. FEDERAL SEARCH WARRANT CASE NUMBER 3-01-M-9005I, U.S. CASE NUMBER 3:03-CR-00054-RP-ALL, AT PLAINTIFF RAY'S THEN RESIDENCE LOCATED AT 840 EAST IOWA STREET, #3C, ELDRIDGE, IOWA 52748, THROUGH ATF AGENTS INCLUDING BUT NOT LIMITED TO: SUPERVISORY AGENT JON CARL PETERSON; SPECIAL AGENT KEVIN P. FARNSWORTH; AND OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY. THIS RESULTED IN THE SEIZURE OF SEVENTY-TWO (72) FIREARMS AND OTHER ASSOCIATED PROPERTY, THE PERSONAL PROPERTY OF PLAINTIFF RAY, (REFERENCE EXHIBITS "F-1" THRU "F-5").

33. PLAINTIFF RAY, POINTS TO THE PROPERTY SEIZED BY THE ATF VIA JURIS AND AS LISTED ON THE U.S. FEDERAL SEARCH WARRANT, SEARCH WARRANT RETURN OF SERVICE, AND AS NOTED, "CASE NUMBER 3-01-M-90051, U.S. CASE NUMBER 3:03-CR-00054-RP-ALL, RESIDENCE OF CHARLES WILLIAM RAY, 840 EAST IOWA STREET, UNIT 3C, ELDRIDGE, IOWA, 11:20 AM TO 4:15 PM, FEBRUARY 22, 2001, (REFERENCE EXHIBITS "F-1" THRU "F-5").

34. PLAINTIFF RAY, POINTS TO THE FACT THAT THE ATF SEIZED HIS PERSONAL PROPERTY, INCLUDING SEVENTY-TWO (72) FIREARMS AND OTHER ASSOCIATED PROPERTY WITH JURISDICTION AND WITH AUTHORITY OF LAW, VIA JURIS U.S. FEDERAL SEARCH WARRANT CASE NUMBER 3-01-M-90051, U.S. CASE NUMBER 3:03-CR-00054-RP-ALL, EXECUTED ON FEBRUARY 22, 2001 FROM 11:20 AM TO 4:15 PM, (REFERENCE EXHIBITS "F-1" THRU "F-5").

35. PLAINTIFF RAY, POINTS TO AND EMPHASIZES PARAGRAPHS 23, 24, AND 25 ABOVE, THIS COMPLAINT.

36. ON FEBRUARY 22, 2001, THE SEVENTY-TWO (72) SEIZED FIREARMS AND OTHER ASSOCIATED PERSONAL PROPERTY OF PLAINTIFF RAY, WERE IN THE LEGAL CUSTODY OF THE ATF, FOR THE UNITED STATES DEPARTMENT OF JUSTICE (HEREAFTER DOJ), AS U.S. DISTRICT COURT EVIDENCE FOR U.S. CASE NUMBER 3:03-CR-00054-RP-ALL, BEFORE THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA. THE EPD WAS ONLY ATF AUTHORIZED TO LEGALLY TRANSPORT AND SECURELY STORE, PLAINTIFF RAY'S SEIZED PERSONAL PROPERTY AT THE EPD POLICE STATION, LOCATED AT 305 NORTH 3RD STREET, ELDRIDGE, IOWA 52748 (REF-

ERENCE EXHIBITS "G-1" AND "G-2").

37. PLAINTIFF RAY, HAS BEEN INCARCERATED IN FEDERAL CUSTODY SINCE MARCH 1, 2004.

38. ON DECEMBER 9, 2004, MR. THEODORE J. PRIESTER, ASSISTANT ATTORNEY FOR THE SCOTT COUNTY IOWA ATTORNEY'S OFFICE (HEREAFTER SCIAO), SIGNED AND SUBMITTED AN ERRONEOUS AND FALSE AFFIDAVIT TO THE STATE OF IOWA 7TH JUDICIAL DISTRICT COURT, ACTING WITH INTERVENING FORCE TO IL-LEGALLY "CONFISCATE", SEIZE, FORFEIT, AND DISPOSE WITHOUT JURISDICTION AND WITHOUT AUTHORITY OF LAW, THE SEVENTY-TWO (72) FIREARMS AND OTHER ASSOCI-ATED PERSONAL PROPERTY OF PLAINTIFF RAY. THIS, THE EXACT SAME PERSONAL PROPERTY OF PLAINTIFF RAY THAT WAS LEGALLY SEIZED BY THE ATF VIA JURIS THE U.S. FEDERAL SEARCH WARRANT CASE NUMBER 3-01-M-90051, U.S. CASE NUMBER 3:03-Cr-00054-RP-ALL, ISSUED AND EXECUTED ON FEBRUARY 22, 2001, FROM 11:20 AM TO 4:15 PM, (REFERENCE EXHIBITS "F-1", "H", AND "T").

39. ON PROCEEDING DATES, AS NOTED ON THE REFERENCED EXHIBITS, MR. THEODORE J. PRIESTER, ASSISTANT ATTORNEY FOR THE SCIAO, IN FURTHERANCE, SIGNED AND SUBMITTED EIGHT (8) ADDITIONAL ERRONEOUS, FALSE, AND ILLEGAL SUPPORTING "CONFISCATION", SEIZURE, AND FORFEITURE DOCUMENTS TO THE STATE OF IOWA 7TH JUDICIAL DISTRICT COURT, WITH INTERVENING FORCE, WITHOUT JURISDICTION, AND WITHOUT AUTHORITY OF LAW. MR. PRIESTER, WRONGFULLY UTILIZED THE STATE OF IOWA SEARCH WARRANT NUMBER 2305, IOWA CASE NUMBER 01-000261, DATED JAN-UARY 25, 2001, TO ILLEGALLY "CONFISCATE", SEIZE, FORFEIT, AND DISPOSE PLAIN-

TIFF RAY'S PERSONAL PROPERTY THAT WAS LEGALLY SEIZED BY THE ATF VIA JURIS
U.S. FEDERAL SEARCH WARRANT CASE NUMBER 3-01-M-9005I, U.S. CASE NUMBER
3:03-CR-00054-RP-ALL, ISSUED AND EXECUTED ON FEBRUARY 22, 2001, FROM
11:20 AM TO 4:15 PM. THE ERRONEOUS, FALSE, AND ILLEGAL SEIZURE AND FORFOTURE
SUPPORTING COURT SUBMITTED DOCUMENTS INCLUDE: (1) IN REM FORFEITURE COMP-
LAINT; (2) INSTRUCTIONS FOR SERVICE; (3) PETITION COVER SHEET; (4) PUBLICA-
TION NOTICE OF IN REM FOR FORFEITURE COMPLAINT; (5) AFFIDAVIT OF PUBLICA-
TION; (6) NOTICE OF INTENT TO FILE WRITTEN APPLICATION FOR DEFAULT; (7)
AFFIDAVIT, AND (8) PROSECUTING ATTORNEY'S APPLICATION FOR FORFEITURE
ORDER, (REFERENCE EXHIBITS "I-1", "I-2", "J", "K", "L", "M", "N", "O", "P", AND
"T").

   (LYNNE KALINA V. RODNEY FLETCHER, 522 U.S. 118, 139 L.3d 2d, 471, 118
   S.Ct. 502, (1997)), WHICH STATES:

          "DECISION: CONDUCT OF PROSECUTING ATTORNEY IN
          MAKING ALLEGEDLY FALSE STATEMENTS OF FACT IN
          DOCUMENT SUPPORTING APPLICATION FOR ARREST WAR-
          RANT HELD NOT PROTECTED BY ABSOLUTE PROSECUTORIAL
          IMMUNITY FROM 42 USCS § 1983 LIABILITY."

40. PLAINTIFF RAY, POINTS TO THE EPD, THE SCIAO, THE IOWA DEPARTMENT OF PUBLIC
   SAFETY (HEREAFTER IDPS), (REFERENCE EXHIBIT "Q"), THE IOWA BUREAU OF
   CRIMINAL INVESTIGATION (HEREAFTER IBCI), (REFERENCE EXHIBIT "U"), THE
   OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF IOWA (HEREAFTER AGOSI),
   THE OTHER LISTED DEFENDANTS, AND PERHAPS OTHERS CURRENTLY UNKNOWN TO

PLAINTIFF RAY, WHICH WERE NOT ACTING WITHIN THEIR STATE OF IOWA JURISDIC-TION AND WERE NOT ACTING WITH AUTHORITY OF LAW TO "CONFISCATE", SEIZE, FORFEIT, AND DISPOSE PLAINTIFF RAY'S PERSONAL PROPERTY, LEGALLY SEIZED VIA JURIS U.S. FEDERAL SEARCH WARRANT CASE NUMBER 3-01-M-90051, U.S. CASE NUMBER 3:03-Cr-00054-RP-ALL.

41. PLAINTIFF RAY, POINTS TO THE FOLLOWING CASE LAW FOR ILLEGAL ACTIONS WITHOUT JURISDICTION AND WITHOUT AUTHORITY OF LAW:

   (U.S. v. REAL PROPERTY, 51 F. 3d, 1406, 9TH CIR. 1995), WHICH STATES:

      "THE GOOD NEWS FOR HOUR HOLDINGS, HOWEVER, IS THAT
      GOOD APPLIES RETROACTIVELY THE RULE GOVERNING THE
      RETROACTIVE APPLICATION OF NEW RULES ANNOUNCED IN
      CIVIL CASES WAS LONG IN THE DISTILLATION."

42. PLAINTIFF RAY, POINTS TO THE STATE OF IOWA SEARCH WARRANT CASE NUMBER 2305, IOWA CASE NUMBER 01-000261, ISSUED AND EXECUTED ON JANUARY 25, 2001, REGARDING A SEPERATE "COLLATERAL" MATTER, SPECIFICALLY, STATE OF IOWA CASE NUMBER 01-000261, (REFERENCE EXHIBITS "A-1" THRU "A-11").

43. PLAINTIFF RAY, FURTHER POINTS TO THE STATE OF IOWA SEARCH WARRANT NUMBER 2305, IOWA CASE NUMBER 01-000261, WHICH WAS APPLIED FOR, ISSUED, AND EXECUTED FOR THE EXPRESS PURPOSE OF AN EPD INVESTIGATION OF MAIL THEFT ON JANUARY 25, 2001, BY THE EPD, SANS ATF, SANS ANY FEDERAL AGENTS, AND SANS ANY FEDERAL AGENCY. THE STATE OF IOWA SEARCH WARRANT WAS

APPLIED FOR, ISSUED, AND EXECUTED TWENTY-EIGHT (28) DAYS PRIOR TO THE
APPLICATION FOR, ISSUANCE, AND EXECUTION OF THE U.S. FEDERAL SEARCH WAR-
RANT CASE NUMBER 3-01-M-90051, DATED, APPLIED FOR, AND EXECUTED BY
THE ATF ON FEBRUARY 22, 2001, FROM 11:20AM TO 4:15PM, (REFERENCE EXHIBITS
"A-1" THRU "A-11", AND "D-1" THRU "D-6").

44. IN FURTHERANCE, MR. THEODORE J. PRIESTER, ASSISTANT ATTORNEY FOR THE
SCIAO, DID NOT CAUSE LEGAL NOTIFICATION OF THE IMPENDING, ILLEGAL
INTERVENING FORCE ACTIONS TO "CONFISCATE", SEIZE, FORFEIT, AND DISPOSE
PLAINTIFF RAY'S PERSONAL PROPERTY.

45. PLAINTIFF RAY, POINTS TO THE PLAINTIFF'S ALLEGED ADDRESS AS LISTED ON
THE IN REM FORFEITURE COMPLAINT, (REFERENCE EXHIBITS "I-1" AND "I-2"),
WHICH IS NOT CORRECT, (REFERENCE PARAGRAPH 8, THIS COMPLAINT). THE
ALLEGED LISTED ADDRESS IS NOT AND NEVER HAS BEEN THE CORRECT AD-
DRESS OF PLAINTIFF RAY. THIS BY DESIGN.
(U.S. V. ONE PARCEL OF REAL PROPERTY, 27 F. 3d, 327-329, 8TH CIR. 1994),
WHICH STATES:

> "IN GOOD, THE SUPREME COURT HELD THAT DUE
> PROCESS REQUIRES PRE-SEIZURE NOTICE AND
> HEARING IN REAL PROPERTY CIVIL FORFEITURE
> CASE."

46. FURTHER, NEITHER PLAINTIFF RAY, OR HIS FEDERAL PUBLIC DEFENDER, MR.

TERENCE L. McATEE, OF THE FEDERAL PUBLIC DEFENDER'S OFFICE, DAVENPORT, IOWA, WERE SERVED LEGAL NOTIFICATION OR CONTACTED THAT THE EPD, SCIAO, IDPS, IBCI, OR THE AGOSI, _WERE ACTING WITH INTERVENING FORCE TO "CONFISCATE", SEIZE, FORFEIT, AND DISPOSE_ THE SEVENTY-TWO (72) FIREARMS AND OTHER ASSOCIATED PROPERTY, THE PERSONAL PROPERTY OF PLAINTIFF RAY. (_CARLEO - TOLEDO V. PEASON YACHT LEASING, CO., 94 S. Ct. 2080, 1974_), WHICH STATES:

"THERE CANNOT EXIST UNDER THE AMERICAN FLAG ANY GOVERNMENTAL AUTHORITY UNTRAMPLED BY THE REQUIREMENTS OF DUE PROCESS."

47. ON FEBRUARY 16, 2005, HONORABLE BOBBI M. ALPERS, IOWA 7TH JUDICIAL DISTRICT COURT JUDGE, SIGNED AN IOWA STATE DISTRICT COURT ORDER OF FORFEITURE, ORDERING THE STATE OF IOWA AUTHORIZED SEIZURE AND FORFEITURE OF THE SEVENTY-TWO (72) FIREARMS AND OTHER ASSOCIATED PROPERTY, THE PERSONAL PROPERTY OF PLAINTIFF RAY, (REFERENCE EXHIBIT "Q").

48. PLAINTIFF RAY, POINTS TO THE FACTS THAT THE PROPERTY ORDERED SEIZED AND FORFEITED BY HONORABLE BOBBI M. ALPERS, IOWA 7TH JUDICIAL DISTRICT COURT JUDGE, WAS _THE EXACT SAME PERSONAL PROPERTY OF PLAINTIFF RAY, THAT WAS LEGALLY SEIZED WITH JURISDICTION AND WITH AUTHORITY OF LAW VIA JURIS U.S. FEDERAL SEARCH WARRANT CASE NUMBER 3-01-M-90051, THE EXACT SAME PROPERTY THAT WAS BEING HELD AS U.S. FEDERAL DISTRICT COURT PHYSICAL EVIDENCE FOR THE DOJ, AND THE U.S. FEDERAL DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA,_

U.S. CASE NUMBER 3:03-Cr-00054-RP-ALL, THIS FEDERAL COURT PHYSICAL EVIDENCE WAS UNDER ATF LEGAL CUSTODY AND WAS STORED IN PHYSICAL CUSTODY BY THE EPD FOR THE ATF AND DOJ.

49. PLAINTIFF RAY, POINTS TO HONORABLE BOBBI M. ALPERS, IOWA 7TH JUDICIAL DISTRICT COURT JUDGE, AND HER INTERVENING FORCE ACTION, ULTRA-VIRES, BEYOND HER STATE OF IOWA JURISDICTION AND WITHOUT AUTHOR-ITY OF LAW, WHEN SHE SIGNED AND ORDERED THE STATE OF IOWA FOR-FEITURE ORDER ON FEBRUARY 16, 2005, WITHIN THE 7TH JUDICIAL DISTRICT OF IOWA, AT THE SCOTT COUNTY, IOWA COURTHOUSE LOCATED AT 416 WEST 4TH STREET, DAVENPORT, IOWA 52801, (REFERENCE EXHIBIT "Q"). (STAMP V. SPARKMAN, 98 S.Ct. 1099, (1978)), WHICH STATES:

"A JUDGE OR MAGISTRATE DOES NOT HAVE SOVEREIGN IMMUNITY AND CAN BE SUED FOR ACTIONS TAKEN IN WHICH HE/SHE WAS WHOLLY WITHOUT JURISDICTION."

50. PLAINTIFF RAY, FURTHER POINTS TO HONORABLE BOBBI M. ALPERS, IOWA 7TH JUDICIAL DISTRICT COURT JUDGE, AND HER INTERVENING FORCE ACTION, EX-PARTE, WITHOUT PLAINTIFF RAY'S PRESENCE. HONORABLE ALPERS NOT ONLY AGREED TO AND PERMITTED, BUT FURTHER ORDERED THE ILLEGAL SEIZURE AND FORFEITURE WITHOUT JURISDICTION AND WITHOUT AUTHORITY OF LAW, PLAINTIFF RAY'S PERSONAL PROPERTY WITHOUT PLAINTIFF RAY'S LEGAL NOTIFICATION OR HIS KNOWLEDGE OF THE COURT HEARING ACTION IN THE

STATE OF IOWA 7TH JUDICIAL DISTRICT COURT, (REFERENCE EXHIBIT "Q").
PLAINTIFF RAY, POINTS TO AND EMPHASIZES PARAGRAPHS 45 AND 46, THIS
COMPLAINT.
   (U.S. V. ONE PARCEL OF REAL PROPERTY, 27 F. 3d, 327-329, 8TH CIR. 1994),
   WHICH STATES:

        "IN 9000, THE SUPREME COURT HELD THAT DUE
         PROCESS REQUIRES PRE-SEIZURE NOTICE AND
         HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE."

   (CARLEO-TOLEDO V. PEASON YACHT LEASING, CO., 94 S. Ct. 2080, 1974),
   WHICH STATES:

        "THERE CANNOT EXIST UNDER THE AMERICAN FLAG
         ANY GOVERNMENTAL AUTHORITY UNTRAMPLED BY
         THE REQUIREMENTS OF DUE PROCESS."

51. PLAINTIFF RAY, ADDITIONALLY POINTS TO THE INTERVENING FORCE ACTIONS OF
    HONORABLE BOBBI M. ALPERS, IOWA 7TH JUDICIAL DISTRICT COURT JUDGE, AS
    STATED IN ABOVE PARAGRAPHS 49 AND 50, THIS COMPLAINT, SHOWCASING BLATANT
    DISREGARD AND BLATANT DEPRIVATION NOT ONLY OF PLAINTIFF RAY'S PERSONAL
    PROPERTY WITHOUT DUE PROCESS AND DEPRIVATION OF HIS NINTH AMENDMENT
    RIGHT TO PERSONAL PROPERTY WITHOUT DUE PROCESS, BUT IN FURTHERANCE
    THE DEPRIVATION OF PLAINTIFF RAY'S DUE PROCESS RIGHTS AS GUARANTEED
    BY THE FOURTEENTH AMENDMENT AND THE FIFTH AMENDMENT OF THE CONSTITUTION

OF THE UNITED STATES OF AMERICA.

52. PLAINTIFF RAY, POINTS TO THE EPD, SCIAO, IDPS, IBCI, AGOSI, MR. THEO-
DORE J. PRIESTER, HONORABLE BOBBI M. ALPERS, THE OTHER LISTED DEFEN-
DANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, AND
TO THE FACTS THAT <u>THEIR ILLEGAL INTERVENING FORCE ACTIONS WERE</u>
<u>EXECUTED NOT ONLY WITHOUT JURISDICTION AND WITHOUT AUTHORITY OF</u>
<u>LAW, BUT ALSO IN FURTHERANCE OF THE FACTS THAT CRIMINAL APPEAL</u>
<u>PROCEEDINGS IN PLAINTIFF RAY'S STATE OF IOWA PREDICATE MISDER-</u>
<u>MEANOR CRIMINAL CASE AND IN HIS U.S. FEDERAL CRIMINAL CASE</u>
<u>WERE NOT EXHAUSTED AND ARE PROCEEDING IN PROCESS TO DATE,</u>
<u>SEPTEMBER 2006</u>, BEFORE THE STATE OF IOWA SUPREME COURT AND
THE U.S. FEDERAL DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA,
RESPECTIVELY.
(<u>UNITED STATES V. OLMSTEAD</u>, 277 U.S. 438, 1928), WHICH STATES:

" DECENCY, SECURITY AND LIBERTY ALIKE DEMAND THAT
GOVERNMENT OFFICIALS SHALL BE SUBJECTED TO THE RULES
OF CONDUCT THAT ARE COMMANDS TO THE CITIZEN. IN A GOVER-
NMENT OF LAWS, EXISTENCE OF THE GOVERNMENT LAWS, EXIST-
ENCE OF THE GOVERNMENT WILL BE IMPERILED IF IT FAILS
TO OBSERVE THE LAW SCRUPULOUSLY. OUR GOVERNMENT IS
THE POTENT, OMNIPRESENT TEACHER. FOR GOOD OR FOR ILL,
IT TEACHES THE WHOLE PEOPLE BY ITS EXAMPLE. CRIME IS
CONTAGIOUS. IF THE GOVERNMENT BECOMES A LAW BREAK-

ER, IT BREEDS CONTEMPT FOR THE LAW, IT INVITES EVERYMAN TO COME A LAW UNTO HIMSELF. IT INVITES ANARCHY."

53. ON NOVEMBER 30, 2005, PLAINTIFF RAY, WROTE A LETTER OF INQUIRY TO EPD CHIEF MARTIN J. STOLMEIER, REGARDING THE STATUS AND RETURN PROCEDURE FOR PLAINTIFF RAY'S PERSONAL PROPERTY, SPECIFICALLY, HIS SEVENTY-TWO (72) FIREARMS AND OTHER ASSOCIATED PROPERTY, (REFERENCE EXHIBIT "R").

54. ON DECEMBER 12, 2005, EPD CHIEF MARTIN J. STOLMEIER, RETURN CORRES-PONDED TO PLAINTIFF RAY, (REFERENCE EXHIBITS "S-1" THRU "S-4"), EXHIBIT "S-1", STATES :

"THE "CONFISCATED" PROPERTY IN REGARDS TO CASE # 01000261 HAS BEEN SEIZED AND FORFEITED BY THE STATE AS OF FEBRUARY 16, 2005, AND DISPOSED OF IN ACCORDANCE WITH 809A : 17(5)(b) OF THE CODE (SEE ATTACHED COURT ORDER)."

55. PLAINTIFF RAY, POINTS TO THE ABOVE PARA GRAPH 54, THIS COMPLAINT, (REFER-ENCE EXHIBIT "S-1"), QUOTED CASE NUMBER "#01000261." THIS CASE NUMBER IS THE STATE OF IOWA CASE NUMBER REGARDING THE SEPARATE "COLLATERAL" CASE FOR MAIL THEFT INVESTIGATION. PLAINTIFF RAY'S PERSONAL PROPERTY WAS SEIZED VIA JURIS U.S. FEDERAL SEARCH WARRANT, CASE NUMBER 3-01-M-90051, U.S. CASE NUMBER 3:03-CR-00054-RP-ALL, IT WAS NOT SEIZED ON STATE OF IOWA SEARCH WARRANT 2305, IOWA CASE NUMBER 01-00261.

56. PLAINTIFF RAY, FURTHER POINTS TO PARAGRAPH 54, THIS COMPLAINT, QUOTED VERBAGE BY EPD CHIEF MARTIN J. STOLMEIER, "CONFISCATED", (REFERENCE EXHIBIT "S-1"), AND AS EMPHASIZED THROUGHOUT THIS COMPLAINT.

57. PLAINTIFF RAY, POINTS TO THE STATE OF IOWA 7TH JUDICIAL DISTRICT COURT DOCKET TRIAL CASE DETAIL FILINGS, DATED 1/5/2006, AND TITLED "STATE OF IOWA VS. RAY CHARLES WILLIAM, CASE 07821 SPCE 103502 (SCOTT)", WHICH LISTS THE INTERVENING FORCE ACTION FORFEITURE AS ORDERED BY THE STATE OF IOWA 7TH JUDIC-IAL DISTRICT COURT JUDGE, BOBBI M. ALPERS, IOWA DISTRICT COURT FILED DATED 02/16/2005. THE COURT DOCKET TRIAL CASE DETAIL FILINGS ALSO LISTS THE ASSOCIATED COURT FILED INTERVENING FORCE ACTIONS/EVENTS AND THEIR RESPECTIVE FILING DATES BY THE SCOTT COUNTY ATTORNEY, (REFERENCE EXHIBIT "T").

## COUNT I

### DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEDGES
### (42 U.S.C. SECTION 1983)

58. PLAINTIFF RAY, INCORPORATES BY REFERENCE PARAGRAPHS 1 THROUGH 57.

59. PLAINTIFF RAY, IS ENTITLED TO THE EQUAL PROTECTION OF THE LAWS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS OF LAW UNDER THE FOURTEENTH AND FIFTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

60. THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, ACTING AS EMPLOYEES OR OFFICIALS OF: THE CITY OF ELDRIDGE, IOWA ; OR SCOTT COUNTY, IOWA ; OR THE STATE OF IOWA 7TH JUDICIAL DISTRICT COURT ; OR STATE OF IOWA GOVERNMENT AGENCIES ; OR U.S. FEDERAL GOVERNMENT AGENCIES, AND ACTING UNDER COLOR OF STATE LAW OR FEDERAL LAW, FAILED PLAINTIFF RAY'S RIGHTS TO DUE PROCESS OF LAW. THIS DEPRIVED PLAINTIFF RAY OF HIS RIGHT TO EQUAL PROTECTION OF THE LAWS.

61. FURTHER, THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAIN-TIFF RAY, BY INTERVENING FORCE ACTIONS OF "CONFISCATION", SEIZURE, FORFEIT-URE, AND DISPOSAL, DEPRIVED PLAINTIFF RAY OF HIS PERSONAL PROPERTY BY MEANS OF DISPOSAL, AND DEPRIVATION OF SAME. THIS DEPRIVED PLAINTIFF RAY OF AN ECONOMIC OPPORTUNITY AND HE SUFFERED A SIGNIFICANT ECONOMIC DE-

PRIVATION.

62. WHEREFORE, THE ILLEGAL INTERVENING FORCE ACTIONS OF "CONFISCATION," SEI-
ZURE, FORFEITURE, AND DISPOSAL WERE ILLEGAL, WHOLLY WITHOUT JURISDICTION
AND WHOLLY WITHOUT AUTHORITY OF LAW.

63. WHEREFORE, THE ILLEGAL INTERVENING FORCE ACTIONS CONSTITUTE THEFT BY DECEP-
TION AND THEFT BY DEPRIVATION OF PROPERTY.

64. PLAINTIFF RAY, AS A CITIZEN OF THE STATE OF IOWA AND THE UNITED STATES OF AMER-
ICA, IS ENTITLED TO DUE PROCESS PROTECTION OF FREEDOM FROM ARBITRARY ACTIONS
WHICH JEOPARDIZED HIS PROPERTY INTEREST IN HIS PERSONAL PROPERTY. FURTHER,
PLAINTIFF RAY SHOULD NOT HAVE BEEN ARBITRARILY SUBJECTED TO FEAR OF LOSING
THE ENJOYMENT AND THE PLEASURE OF COLLECTING AND OWNING HIS PERSONAL PROPERTY,
OR TO OTHER ADVERSE ACTIONS WHICH HE FEARED AND WHICH DEPRIVED HIM OF THE PRO-
PER ENJOYMENT AND SECURITY TO PROTECT AND DEFEND HIMSELF AND HIS FAMILY. THE
DEFENDANTS - AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY - BLATANT
AND ILLEGAL ACTIONS WHOLLY WITHOUT JURISDICTION AND WHOLLY WITHOUT AUTH-
ORITY OF LAW, DEPRIVED PLAINTIFF RAY OF HIS DUE PROCESS LIBERTY AND PROPERTY
INTERESTS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES OF AMER-
ICA.

65. THE ABOVE - DESCRIBED INDIVIDUAL ACTIONS, INDIVIDUAL MISCONDUCT, CONSPIR-
ATIVE ACTIONS, AND COMPARATIVE MISCONDUCT OF THE DEFENDANTS AND PERHAPS
OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, WERE UNDERTAKEN WHEN THEY WERE

ACTING UNDER THE COLOR OF STATE OF IOWA LAW OR U.S. FEDERAL LAW AS EMPLOYEES

OR OFFICIALS OF: THE CITY OF ELDRIDGE, IOWA ; OR SCOTT COUNTY, IOWA ; OR THE STATE

OF IOWA 7TH JUDICIAL DISTRICT COURT ; OR STATE OF IOWA GOVERNMENT AGENCIES ;

OR U.S. FEDERAL GOVERNMENT AGENCIES. SAID ACTIONS DEPRIVED PLAINTIFF RAY

OF HIS FEDERAL EQUAL PROTECTION AND DUE PROCESS RIGHTS GUARANTEED BY THE

FOURTEENTH AND FIFTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND

MADE ACTIONABLE BY 42 U.S.C. SECTION 1983 (THE CIVIL RIGHTS ACT).

## Count II

### Conspiracy to Depriving Person's of Equal Protection of the Laws
### (42 U.S.C. Section 1985)

66. Plaintiff Ray, Incorporates By Reference Paragraphs 1 through 65.

67. The Defendants and Perhaps others currently unknown to Plaintiff Ray, conspired amongst their co-Defendant Conspirators, to Deprive Plaintiff Ray of Equal Protection of the Laws and of Equal Priviledges and Immunities under the Laws, as further set forth in Count I Above.

68. The Defendants and Perhaps others currently unknown to Plaintiff Ray, conspiringly committed Acts in Furtherance of the Conspiracy which included the Individual and conspiring Illegal Intervening Force Actions to "Confiscate", Seize, Forfeit, and Dispose Plaintiff Ray's Personal Property, wholly without Jurisdiction and wholly without Authority of Law.

69. As a Result of their Individual Actions and their Conspirative Actions, Plaintiff Ray was Injured By the Defendants and Perhaps others currently unknown to Plaintiff Ray, in his Person and in his Property, Deprived of having and Exercising his Rights and Priviledges as a Citizen of the State of Iowa and the United States of America, as is more fully set forth in Count I Above.

## COUNT III

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS THROUGH RIGHTS AND PRIVILEDGES DEPRIVATION

70. PLAINTIFF RAY, INCORPORATES BY REFERENCE PARAGRAPHS 1 THROUGH 69.

71. THE ILLEGAL INTERVENING FORCE ACTIONS OF THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, HEREIN SET FORTH IN THIS COMPLAINT, WERE WHOLLY WITHOUT JURISDICTION AND WHOLLY WITHOUT AUTHORITY OF LAW, IN THEIR INDIVIDUAL ROLES AND THEIR COLLECTIVE CONSPIRATIVE ROLES THAT EACH DEFENDANT PARTICIPATED, DEPRIVING PLAINTIFF RAY OF HIS CONSTITUTIONAL RIGHTS AND PRIVILEDGES.

72. THESE INTERVENING FORCE ACTIONS WERE SO OUTRAGEOUS IN CHARACTER, AND EXTREME IN DEGREE, THAT THIS SITUATION SHOWCASES BLATANT DISREGARD AND BLATANT VIOLATIONS OF NOT ONLY JURISDICTION AND AUTHORITY OF LAW, BUT ALSO THE CONSTITUTIONAL RIGHTS THAT ARE ASSURED AND GUARDED BY THE FOURTEENTH AND FIFTH CONSTITUTIONAL AMENDMENTS AND THE NINTH CONSTITUTIONAL AMENDMENT RIGHTS AND PRIVILEDGES TO PERSONAL PROPERTY OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

73. WHERE FORE, THE ILLEGAL INTERVENING FORCE ACTIONS OF "CONFISCATION", SEIZURE, FORFEITURE, AND DISPOSAL, WERE WHOLLY WITHOUT JURISDICTION AND WHOLLY WITHOUT AUTHORITY OF LAW.

74. WHEREFORE, THESE ILLEGAL INTERVENING FORCE ACTIONS CONSTITUTE THEFT BY

DECEPTION AND THEFT BY DEPRIVATION OF PROPERTY.

## COUNT IV

### DEPRIVATION OF PERSONAL PROPERTY
(U.S. CONSTITUTION ARTICLE IX)

75. PLAINTIFF RAY, INCORPORATES BY REFERENCE PARAGRAPHS 1 THROUGH 74.

76. PLAINTIFF RAY, AS A CITIZEN OF THE STATE OF IOWA AND THE UNITED STATES OF AMERICA, IS ENTITLED UNDER THE NINTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, THE RIGHTS AND PRIVILEDGES TO PERSONAL PROPERTY.

77. THE DEFENDANTS AND PERHAPS OTHERS CURRENTY UNKNOWN TO PLAINTIFF RAY, ACTING AS EMPLOYEES OR OFFICIALS OF: THE CITY OF ELDRIDGE, IOWA; OR SCOTT COUNTY, IOWA; OR THE STATE OF IOWA 7TH JUDICIAL DISTRICT COURT; OR STATE OF IOWA GOVERNMENT AGENCIES; OR U.S. FEDERAL GOVERNMENT AGENCIES, AND ACTING UNDER COLOR OF STATE LAW OR FEDERAL LAW, VIOLATED PLAINTIFF RAY'S RIGHTS AND PRIVILEDGES TO PERSONAL PROPERTY BY ILLEGAL INTERVENING FORCE ACTIONS OF "CONFISCATION", SEIZURE, FORFEITURE, AND DISPOSAL, WHOLLY WITHOUT JURISDICTION AND WHOLLY WITHOUT AUTHORITY OF LAW. THESE ACTIONS DEPRIVED PLAINTIFF RAY NOT ONLY OF HIS PERSONAL PROPERTY, BUT ALSO ECONOMIC OPPORTUNITY AND A SIGNIFICANT ECONOMIC DEPRIVATION.

78. WHEREFORE, THESE ILLEGAL INTERVENING FORCE ACTIONS CHARACTERIZE INTOLERABLE DISREGARD AND BLATANT VIOLATIONS TO DEPRIVE PLAINTIFF RAY OF HIS PERSONAL PROPERTY.

79. WHEREFORE, THESE ILLEGAL INTERVENING FORCE ACTIONS, WHOLLY WITHOUT JURISDICTION AND WHOLLY WITHOUT AUTHORITY OF LAW, CONSTITUTE THEFT BY DECEPTION AND THEFT BY DEPRIVATION OF PROPERTY.

## Count V

### Conspiracy to Deprivation of Personal Property

80. Plaintiff Ray, incorporates by reference paragraphs 1 through 79.

81. The Defendants and perhaps others currently unknown to Plaintiff Ray, conspiringly committed acts in furtherance of the conspiracy which through illegal intervening force actions, deprived Plaintiff Ray of his personal property.

82. The Defendants and perhaps others currently unknown to Plaintiff Ray, conspiringly committed acts in furtherance of the conspiracy, which included the illegal intervening force actions of: "confiscation," seizure, forfeiture, and disposal Plaintiff Ray's personal property wholly without jurisdiction and wholly without authority of law.

83. As a result of the conspiracy, Plaintiff Ray's person and property were harmed by the Defendants and perhaps others currently unknown to Plaintiff Ray, and he was deprived of having and exercising his rights and priviledges to personal property including, owning and collecting personal property as a citizen of the State of Iowa and the United States of America, as is more fully set forth in Count I above.

84. Wherefore, the illegal intervening force actions characterize intoler-

ABLE DISREGARD AND BLATANT VIOLATIONS TO DEPRIVE PLAINTIFF RAY OF HIS PERSONAL PROPERTY.

85.   WHEREFORE, THESE ILLEGAL INTERVENING FORCE ACTIONS, WHOLLY WITHOUT JURIS-DICTION AND WHOLLY WITHOUT AUTHORITY OF LAW, CONSTITUTE THEFT BY DECEP-TION AND THEFT BY DEPRIVATION OF PROPERTY.

## Count VI

Intentional Infliction of Emotional Distress Through Illegal Personal Property "Confiscation", Seizure, Forfeiture, and Disposal Deprivation

86. Plaintiff Ray, Incorporates By Reference Paragraphs 1 Through 85.

87. The Illegal Intervening Force Actions of the Defendants and Perhaps others currently unknown to Plaintiff Ray, herein set forth in this Complaint, were Wholly Without Jurisdiction and Wholly Without Authority of Law, Both in their Individual Roles and in their collective conspirative Roles that each Defendant Participated, Depriving Plaintiff Ray of his Personal Property.

88. These Illegal Intervening Force Actions of the Defendants and Perhaps others currently unknown to Plaintiff Ray, were so outrageous in character, and extreme in Degree, that their Intent, misconduct, and Actions, Display wanton Disregard and Violations of Not only Jurisdiction and Authority of Law, But also the Ninth Amendment Constitutional Rights and Privileges that Guarantee Personal Property.

89. Wherefore, The Intervening Force Actions of "Confiscation", Seizure, Forfeiture, and Disposal, Were Illegal Wholly Without Jurisdiction and wholly without Authority of Law.

90. Wherefore, these Illegal Intervening Force Actions Constitute Theft By Deception and

THEFT BY DEPRIVATION OF PROPERTY.

## COUNT VII

### DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEDGES
### (42 U.S.C. SECTION 1983)

91. PLAINTIFF RAY, INCORPORATES BY REFERENCE PARAGRAPHS 1 THROUGH 90.

92. PLAINTIFF RAY, IS ENTITLED TO THE EQUAL PROTECTION OF THE LAWS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS OF LAW UNDER THE FOURTEENTH AND FIFTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

93. THE DEFENDANT'S AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, ACTING AS EMPLOYEES OR OFFICIALS OF: THE CITY OF ELDRIDGE, IOWA; OR SCOTT COUNTY, IOWA; OR THE STATE OF IOWA 7TH JUDICIAL DISTRICT COURT; OR STATE OF IOWA GOVERNMENT AGENCIES; OR U.S. FEDERAL GOVERNMENT AGENCIES, AND ACTING UNDER COLOR OF STATE LAW OR FEDERAL LAW, FAILED PLAINTIFF RAY'S RIGHTS TO DUE PROCESS OF LAW. THIS DEPRIVED PLAINTIFF RAY OF HIS RIGHT TO EQUAL PROTECTION OF THE LAWS.

94. FURTHER, THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, THROUGH OMMISSION AND FAILURE OF DUE PROCESS DUTY TO LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFE-TURE CASE, DEPRIVED PLAINTIFF RAY OF HIS PERSONAL PROPERTY BY MEANS OF DECEPTION, DISPOSAL, AND DEPRIVATION OF SAME. THIS DEPRIVED PLAINTIFF RAY

OF AN ECONOMIC OPPORTUNITY AND HE SUFFERED A SIGNIFICANT ECONOMIC DEPRIVATION.

95. WHEREFORE, THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, WAS WHOLLY ILLEGAL AND WHOLLY WITHOUT AUTHORITY OF LAW.

96. WHEREFORE, THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, CONSTITUTES THEFT BY DECEPTION AND THEFT BY DEPRIVATION OF PROPERTY.

97. PLAINTIFF RAY, AS A CITIZEN OF THE STATE OF IOWA AND THE UNITED STATES OF AMERICA, IS ENTITLED TO DUE PROCESS LEGAL NOTIFICATION, HEARING, AND PROTECTION OF FREEDOM FROM ARBITRARY ACTIONS WHICH JEOPARDIZED HIS PROPERTY INTEREST IN HIS PERSONAL PROPERTY. FURTHER, PLAINTIFF RAY SHOULD NOT HAVE BEEN ARBITRARILY SUBJECTED TO FEAR OF LOSING THE ENJOYMENT AND THE PLEASURE OF COLLECTING AND OWNING HIS PERSONAL PROPERTY, OR TO OTHER ADVERSE ACTIONS WHICH HE FEARED AND WHICH DEPRIVED HIM OF THE PROPER ENJOYMENT AND SECURITY TO PROTECT AND DEFEND HIS PROPERTY, HIMSELF, AND HIS FAMILY AND PARTICIPATION IN SHOOTING SPORTS, AND HUNTING. THE DEFENDANTS' - AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY - BLATANT AND ILLEGAL ACTIONS WHOLLY WITHOUT AUTHORITY OF LAW, DEPRIVED PLAINTIFF RAY OF HIS DUE PROCESS RIGHTS, LIBERTY, AND PROPERTY INTERESTS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES OF AMERICA,

98. THE ABOVE-DESCRIBED INDIVIDUAL ACTIONS, INDIVIDUAL MISCONDUCT, CONSPIRATIVE ACTIONS, AND CONSPIRATIVE MISCONDUCT OF THE DEFEN-DANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, WERE UNDERTAKEN WHEN THEY WERE ACTING UNDER THE COLOR OF STATE OF IOWA LAW OR U.S. FEDERAL LAW AS EMPLOYEES OR OFFICIALS OF: THE CITY OF ELDRIDGE, IOWA; OR SCOTT COUNTY, IOWA; OR THE STATE OF IOWA 7TH JUDICIAL DISTRICT COURT; OR STATE OF IOWA GOV-ERNMENT AGENCIES; OR U.S. FEDERAL GOVERNMENT AGENCIES. SAID ACTIONS DEPRIVED PLAINTIFF RAY OF HIS FEDERAL EQUAL PRO-TECTION AND DUE PROCESS RIGHTS GUARANTEED BY THE FOURTEENTH AND FIFTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND MADE ACTIONABLE BY 42 U.S.C. SECTION 1983 (THE CIVIL RIGHTS ACT).

## COUNT VIII

### CONSPIRACY TO DEPRIVING PERSON'S OF EQUAL PROTECTION OF THE LAWS
### (42 U.S.C. SECTION 1985)

99. PLAINTIFF RAY, INCORPORATES BY REFERENCE PARAGRAPHS 1 THROUGH 98.

100. THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, CONSPIRED AMONGST THEIR CO-DEFENDANT CONSPIRATORS, TO DEPRIVE PLAINTIFF RAY OF EQUAL PROTECTION OF THE LAWS AND OF EQUAL PRIVILEDGES AND IMMUNITIES UNDER THE LAWS, AS FURTHER SET FORTH IN COUNT VII ABOVE.

101. THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, CONSPIRINGLY COMMITTED ACTS IN FURTHERANCE OF THE CONSPIRACY WHICH INCLUDED THE INDIVIDUAL AND CONSPIRING ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, WAS WHOLLY ILLEGAL AND WHOLLY WITHOUT AUTHORITY OF LAW.

102. AS A RESULT OF THEIR INDIVIDUAL ACTIONS AND THEIR CONSPIRATIVE ACTIONS, PLAINTIFF RAY WAS INJURED BY THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, IN HIS PERSON AND IN HIS PRO- PERTY, DEPRIVED OF HAVING AND EXERCISING HIS RIGHTS AND PRIVILEDGES AS A CITIZEN OF THE STATE OF IOWA AND THE UNITED STATES OF AMERICA, AS IS MORE FULLY SET FORTH IN COUNT VII ABOVE.

## Count IX

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS THROUGH RIGHTS AND PRIVILEDGES DEPRIVATION

103. PLAINTIFF RAY, INCORPORATES BY REFERENCE PARAGRAPHS 1 THROUGH 102.

104. THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE BY THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, HEREIN SET FORTH IN THIS COMPLAINT, WERE WHOLLY WITHOUT AUTHORITY OF LAW, IN THEIR INDIVIDUAL ROLES AND THEIR COLLECTIVE CONSPIRATIVE ROLES THAT EACH DEFENDANT PARTICIPATED, DE-PRIVING PLAINTIFF RAY OF HIS CONSTITUTIONAL RIGHTS AND PRIVILEDGES.

105. THESE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, WERE SO OUTRAGEOUS IN CHARACTER, AND EXTREME IN DEGREE, THAT THIS SITUATION SHOWCASES BLATANT DISREGARD AND BLATANT VIOLATIONS OF NOT ONLY AUTHORITY OF LAW, BUT ALSO THE CONSTI-TUTIONAL RIGHTS THAT ARE ASSURED AND GUARDED BY THE FOURTEENTH AND FIFTH CONSTITUTIONAL AMENDMENTS AND THE NINTH CONSTITUTIONAL AMENDMENT RIGHTS AND PRIVILEDGES TO PERSONAL PROPERTY THAT ARE ALSO ASSURED, GUARDED, AND GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

106. WHEREFORE, THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE FOR LEGAL PRE-SEIZURE, WAS

WHOLLY ILLEGAL AND WHOLLY WITHOUT AUTHORITY OF LAW.

107. WHEREFORE, THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, CONSTITUTES THEFT BY DECEPTION AND THEFT BY DEPRIVATION OF PROPERTY.

## Count X

### DEPRIVATION OF PERSONAL PROPERTY
### (U. S. CONSTITUTION ARTICLE IX)

108. PLAINTIFF RAY, INCORPORATES BY REFERENCE PARAGRAPHS 1 THROUGH 107.

109. PLAINTIFF RAY, AS A CITIZEN OF THE STATE OF IOWA AND THE UNITED STATES OF AMERICA, IS ENTITLED UNDER THE NINTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, THE RIGHTS AND PRIVILEDGES TO PERSONAL PROPERTY.

110. THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, ACTING AS EMPLOYEES OR OFFICIALS OF: THE CITY OF ELDRIDGE, IOWA; OR SCOTT COUNTY, IOWA; OR THE STATE OF IOWA 7TH JUDICIAL DISTRICT COURT; OR STATE OF IOWA GOVERNMENT AGENCIES; OR U.S. FEDERAL GOVERNMENT AGENCIES, AND ACTING UNDER COLOR OF STATE LAW OR FEDERAL LAW, VIOLATED PLAINTIFF RAY'S RIGHTS AND PRIVILEDGES TO PERSONAL PROPERTY BY ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, WHOLLY WITHOUT AUTHORITY OF LAW. THESE ACTIONS DEPRIVED PLAINTIFF RAY NOT ONLY OF HIS PERSONAL PROPERTY, BUT ALSO ECONOMIC OPPORTUNITY AND A SIGNIFICANT ECONOMIC DEPRIVATION.

111. WHEREFORE, THESE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE FOR LEGAL PRE-SEIZURE, CHARACTERIZE INTOLERABLE DISREGARD AND BLATANT VIOLATIONS TO DEPRIVE

PLAINTIFF RAY OF HIS PERSONAL PROPERTY.

112.   WHEREFORE, THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO

LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE

CASE, CONSTITUTES THEFT BY DECEPTION AND THEFT BY DEPRIVATION OF PRO-

PERTY.

## COUNT XI

### CONSPIRACY TO DEPRIVATION OF PERSONAL PROPERTY

113. PLAINTIFF RAY, INCORPORATES BY REFERENCE PARAGRAPHS 1 THROUGH 112.

114. THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, CONSPIRINGLY COMMITTED ACTS IN FURTHERANCE OF THE CONSPIRACY WHICH THROUGH THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, DEPRIVED PLAINTIFF RAY OF HIS PERSONAL PROPERTY.

115. THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, CONSPIRINGLY COMMITTED ACTS IN FURTHERANCE OF THE CONSPIRACY, WHICH INCLUDED THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, WHOLLY WITHOUT AUTHORITY OF LAW.

116. AS A RESULT OF THE CONSPIRACY, PLAINTIFF RAY'S PERSON AND PROPERTY WERE HARMED BY THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, AND HE WAS DEPRIVED OF HAVING AND EXERCISING HIS RIGHTS AND PRIVILEDGES TO PERSONAL PROPERTY INCLUDING OWNING AND COLLECTING PERSONAL PROPERTY AS A CITIZEN OF THE STATE OF IOWA AND THE UNITED STATES OF AMERICA, AS IS MORE FULLY SET FORTH IN COUNT VII ABOVE.

117.  WHEREFORE, THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS NOTICE
AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE FOR LEGAL PRE-
SEIZURE, WAS <u>WHOLLY ILLEGAL AND WHOLLY WITHOUT AUTHORITY OF LAW.</u>

118.  WHEREFORE, THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO
LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FOR-
FEITURE CASE, <u>CONSTITUTES THEFT BY DECEPTION AND THEFT BY DEPRIVA-
TION OF PROPERTY.</u>

## Count XII

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS THROUGH PERSONAL PROPERTY DEPRIVATION

119. PLAINTIFF RAY, INCORPORATES BY REFERENCE PARAGRAPHS 1 THROUGH 118.

120. THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, BY THE DEFENDANTS AND PERHAPS OTHERS CURRENTLY UNKNOWN TO PLAINTIFF RAY, HEREIN SET FORTH IN THIS COMPLAINT, WERE WHOLLY WITHOUT AUTHORITY OF LAW, IN THEIR INDIVIDUAL ROLES AND THEIR COLLECTIVE CONSPIRATIVE ROLES THAT EACH DEFENDANT PARTICIPATED, DEPRIVING PLAINTIFF RAY OF HIS CONSTITUTIONAL RIGHTS AND PRIVILEDGES.

121. THESE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, WERE SO OUTRAGEOUS IN CHARACTER, AND EXTREME IN DEGREE, THAT THIS SITUATION SHOWCASES BLATANT DISREGARD AND BLATANT VIOLATIONS OF NOT ONLY AUTHORITY OF LAW, BUT ALSO THE CONSTITUTIONAL RIGHTS THAT ARE ASSURED AND GUARDED BY THE FOURTEENTH AND FIFTH CONSTITUTIONAL AMENDMENTS AND THE NINTH CONSTITUTIONAL AMENDMENT RIGHTS AND PRIVILEDGES TO PERSONAL PROPERTY THAT ARE ALSO ASSURED, GUARDED, AND GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

122. WHEREFORE, THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS NOTICE AND

HEARING IN REAL PROPERTY CIVIL FOR FEITURE CASE FOR LEGAL PRE-SEIZURE,

WAS <u>WHOLLY ILLEGAL AND WHOLLY WITHOUT AUTHORITY OF LAW.</u>

123. WHEREFORE, THE ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO

LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEI-

TURE CASE, <u>CONSTITUTES THEFT BY DECEPTION AND THEFT BY DEPRIVATION</u>

<u>OF PROPERTY.</u>

## RELIEF REQUESTED

WHEREFORE, PLAINTIFF RAY REQUESTS THE FOLLOWING RELIEF:

A. TRIAL BY JURY ON EACH AND EVERY ISSUE TRIABLE BY JURY.

B. COUNT I, JUDGEMENT AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR COMPENSATORY DAMAGES OF $357,000.00 ($357K); PUNITIVE DAMAGES AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR DEFENDANT'S WRONGFUL, CONSPIRING, WILFUL, OUTRAGEOUS AND MALICIOUS ACTIONS AND MISCONDUCT AND ILLEGAL INTERVENING FORCE ACTIONS, WHOLLY WITHOUT JURISDICTION AND WHOLLY WITHOUT AUTHORITY OF LAW, OF $25,000,000.00 ($25M); THE COSTS OF HIS SUIT AND ATTORNEY'S FEES; NOMINAL DAMAGES, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM PROPER.

C. COUNT II, JUDGEMENT AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR COMPENSATORY DAMAGES OF $357,000.00 ($357K); PUNITIVE DAMAGES AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR DEFENDANT'S WRONGFUL, CONSPIRING, WILFUL, OUTRAGEOUS AND MALICIOUS ACTIONS AND MISCONDUCT AND ILLEGAL INTERVENING FORCE ACTIONS, WHOLLY WITHOUT JURISDICTION AND WHOLLY WITHOUT AUTHORITY OF LAW, OF $25,000,000.00 ($25M); THE COSTS OF HIS SUIT AND ATTORNEY'S FEES; NOMINAL DAMAGES, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM PROPER.

D. COUNT III, JUDGEMENT AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR COMPENSATORY DAMAGES OF $357,000.00 ($357K); PUNITIVE DAMAGES AGAINST EACH

DEFENDANT IN EACH RESPECTIVE CAPACITY FOR DEFENDANT'S WRONGFUL, CONSPIRING, WILL-FUL, OUTRAGEOUS AND MALICIOUS ACTIONS AND MISCONDUCT AND ILLEGAL INTERVENING FORCE ACTIONS, WHOLLY WITHOUT JURISDICTION AND WHOLLY WITHOUT AUTHORITY OF LAW, OF $25,000,000.00 ($25M); THE COSTS OF HIS SUIT AND ATTORNEY'S FEES; NOMINAL DAMAGES, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM PROPER.

E. COUNT IV, JUDGEMENT AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR COMPENSATORY DAMAGES OF $357,000.00 ($357K); PUNITIVE DAMAGES AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR DEFENDANT'S WRONGFUL, CON-SPIRING, WILFUL, OUTRAGEOUS AND MALICIOUS ACTIONS AND MISCONDUCT AND ILLEGAL INTERVENING FORCE ACTIONS, WHOLLY WITHOUT JURISDICTION AND WHOLLY WITHOUT AUTHORITY OF LAW, OF $25,000,000.00 ($25M); THE COSTS OF HIS SUIT AND ATTOR-NEY'S FEES; NOMINAL DAMAGES, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM PROPER.

F. COUNT V, JUDGEMENT AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR COMPENSATORY DAMAGES OF $357,000.00 ($357K); PUNITIVE DAMAGES AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR DEFENDANT'S WRONGFUL, CONSPIRING, WILFUL, OUTRAGEOUS AND MALICIOUS ACTIONS AND MISCONDUCT AND ILLEGAL INTER-VENING FORCE ACTIONS, WHOLLY WITHOUT JURISDICTION AND WHOLLY WITHOUT AUTHOR-ITY OF LAW, OF $25,000,000.00 ($25M); THE COSTS OF HIS SUIT AND ATTORNEY'S FEES; NOMINAL DAMAGES, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM PROPER.

G. COUNT VI, JUDGEMENT AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR

COMPENSATORY DAMAGES OF $357,000.00 ($357K); PUNITIVE DAMAGES AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR DEFENDANT'S WRONGFUL, CONSPIRING, WILFUL, OUTRAGEOUS AND MALICIOUS ACTIONS AND MISCONDUCT AND ILLEGAL INTERVENING FORCE ACTIONS, WHOLLY WITHOUT JURISDICTION AND WHOLLY WITHOUT AUTHORITY OF LAW, OF $25,000,000.00 ($25M); THE COSTS OF HIS SUIT AND ATTORNEY'S FEES; NOMINAL DAMAGES, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM PROPER.

H. COUNT VII, JUDGEMENT AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR COMPENSATORY DAMAGES OF $357,000.00 ($357K); PUNITIVE DAMAGES AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR DEFENDANTS WRONGFUL, CONSPIRING, WILFUL, OUTRAGEOUS AND MALICIOUS ACTIONS AND MISCONDUCT AND ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, WHOLLY ILLEGAL AND WHOLLY WITHOUT AUTHORITY OF LAW, OF $25,000,000.00 ($25M); THE COSTS OF HIS SUIT AND ATTORNEY'S FEES; NOMINAL DAMAGES, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM PROPER.

I. COUNT VIII, JUDGEMENT AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR COMPENSATORY DAMAGES OF $357,000.00 ($357K); PUNITIVE DAMAGES AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR DEFENDANTS WRONGFUL, CONSPIRING, WILFUL, OUTRAGEOUS AND MALICIOUS ACTIONS AND MISCONDUCT AND ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO LE-

GAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, WHOLLY ILLEGAL AND WHOLLY WITHOUT AUTHORITY OF LAW, OF $25,000,000.00 ($25M); THE COSTS OF HIS SUIT AND ATTORNEY'S FEES; NOMINAL DAMAGES, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM PROPER.

J.   COUNT IX, JUDGEMENT AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR COMPENSATORY DAMAGES OF $357,000.00 ($357K); PUNITIVE DAMAGES AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR DEFENDANTS WRONGFUL, CONSPIRING, WILFUL, OUTRAGEOUS AND MALICIOUS ACTIONS AND MISCONDUCT AND ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, WHOLLY ILLEGAL AND WHOLLY WITHOUT AUTHORITY OF LAW, OF $25,000,000.00 ($25M); THE COSTS OF HIS SUIT AND ATTORNEY'S FEES; NOMINAL DAMAGES, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM PROPER.

K.   COUNT X, JUDGEMENT AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR COMPENSATORY DAMAGES OF $357,000.00 ($357K); PUNITIVE DAMAGES AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR DEFENDANTS WRONGFUL, CONSPIRING, WILFUL, OUTRAGEOUS AND MALICIOUS ACTIONS AND MISCONDUCT AND ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FORFEITURE CASE, WHOLLY ILLEGAL AND WHOLLY WITHOUT AUTHORITY OF LAW, OF $25,000,000.00 ($25M); THE COSTS OF HIS SUIT AND ATTORNEY'S FEES; NOMINAL DAMAGES, AND SUCH OTHER AND FURTHER RELIEF AS THE

COURT MAY DEEM PROPER.

L. <u>COUNT XI</u>, JUDGEMENT AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAP-
ACITY FOR COMPENSATORY DAMAGES OF $357,000.00 ($357K); PUNITIVE
DAMAGES AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR
DEFENDANTS WRONGFUL, CONSPIRING, WILFUL, OUTRAGEOUS AND MALICIOUS
ACTIONS AND MISCONDUCT AND ILLEGAL OMMISSION AND FAILURE OF DUE
PROCESS DUTY TO LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PRO-
PERTY CIVIL FORFEITURE CASE, WHOLLY ILLEGAL AND WHOLLY WITHOUT
AUTHORITY OF LAW, OF $25,000,000.00 ($25M); THE COSTS OF HIS
SUIT AND ATTORNEY'S FEES; NOMINAL DAMAGES, AND SUCH OTHER
AND FURTHER RELIEF AS THE COURT MAY DEEM PROPER.

M. <u>COUNT XII</u>, JUDGEMENT AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY
FOR COMPENSATORY DAMAGES OF $357,000.00 ($357K); PUNITIVE DAMAGES
AGAINST EACH DEFENDANT IN EACH RESPECTIVE CAPACITY FOR DEFENDANTS
WRONGFUL, CONSPIRING, WILFUL, OUTRAGEOUS AND MALICIOUS ACTIONS AND
MISCONDUCT AND ILLEGAL OMMISSION AND FAILURE OF DUE PROCESS DUTY TO
LEGAL PRE-SEIZURE NOTICE AND HEARING IN REAL PROPERTY CIVIL FOREGIT-
URE CASE, WHOLLY ILLEGAL AND WHOLLY WITHOUT AUTHORITY OF LAW, OF
$25,000,000.00 ($25M); THE COSTS OF HIS SUIT AND ATTORNEY'S FEES;
NOMINAL DAMAGES, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT
MAY DEEM PROPER.

## LIST OF AUTHORITIES

1. LYNNE KALINA V. RODNEY FLETCHER, 522 U.S. 118, 139 L. 3d 2d, 471, 118 S.Ct. 502, (1997).

2. U.S. V. REAL PROPERTY, 51 F. 3d, 1406, (9TH CIR. 1995).

3. U.S. V. ONE PARCEL OF REAL PROPERTY, 27 F. 3d, 327-329, (8TH CIR. 1994).

4. CARLEO-TOLEDO V. PEASON YACHT LEASING CO., 94 S.Ct. 2080, (1974).

5. STAMP V. SPARKMAN, 98 S.Ct. 1099, (1978).

6. UNITED STATES V. OLMSTEAD, 277 U.S. 438 (1928).

## LIST OF EXHIBITS

1. EXHIBIT "A-1" OF 11   APPLICATION FOR SEARCH WARRANT - STATE OF IOWA, COUNTY OF SCOTT, SEARCH WARRANT NUMBER 2305, IOWA CASE NUMBER 01-000261, (IOWA DISTRICT COURT FILED DATED 01/25/01 - 2:51 PM).

2. "  " "A-2" OF 11   P.2 - APPLICATION FOR SEARCH WARRANT - CONTINUED.

3. "  " "A-3" OF 11   INFORMANT'S ATTACHMENT, SEARCH WARRANT NUMBER 2305, IOWA CASE NUMBER 01-000261, (IOWA DISTRICT COURT FILED DATED 01/25/01 - 2:52 PM).

4. "  " "A-4" OF 11   P.2 - INFORMANT'S ATTACHMENT - CONTINUED.

5. "  " "A-5" OF 11   ENDORSEMENT ON SEARCH WARRANT APPLICATION, SEARCH WARRANT NUMBER 2305, IOWA CASE NUMBER 01-000261, (IOWA DISTRICT COURT FILED DATED 01/25/01 - 2:52 PM).

6. "  " "A-6" OF 11   SEARCH WARRANT - STATE OF IOWA, COUNTY OF SCOTT, SEARCH WARRANT NUMBER 2305, IOWA CASE NUMBER 01-000261, (IOWA DISTRICT COURT FILED DATED 01/25/01 - 2:52 PM).

7. "  " "A-7" OF 11   P.2 - SEARCH WARRANT - CONTINUED.

8. EXHIBIT "A-8" OF 11   ATTACHMENT "A", SEARCH WARRANT NUMBER 2305,
IOWA CASE NUMBER 01-000261.

9. "  "   "A-9" OF 11   RETURN TO SEARCH WARRANT - STATE OF IOWA, COUNTY OF
SCOTT, SEARCH WARRANT NUMBER 2305, IOWA CASE NUMBER
01-000261, (IOWA DISTRICT COURT FILED DATED 01/30/01).

10. "  "   "A-10" OF 11   P.2 - RETURN TO SEARCH WARRANT - CONTINUED.

11. "  "   "A-11" OF 11   EPD LISTING OF SEIZED PROPERTY, "PROPERTY TAKEN FROM
840 EAST IOWA ST. #3C ON 01/25/01 REFERENCE SEARCH
WARRANT # 01-000261."

12. EXHIBIT "B-1" OF 3   INCIDENT REPORT 01000261 ELDRIDGE POLICE DEPARTMENT-
ORI IA0820600, (DATED 01/09/01 - 11:00 TO 11:30).

13. "  "   "B-2" OF 3   P.2 - INCIDENT REPORT - CONTINUED.

14. "  "   "B-3" OF 3   P.3 - INCIDENT REPORT - CONTINUED.

15. EXHIBIT "C-1" OF 2   ELDRIDGE POLICE DEPARTMENT INCIDENT NARRATIVE -
01-000261, (NO DATE).

16. "  "   "C-2" OF 2   P.2 - INCIDENT NARRATIVE - CONTINUED.

17. EXHIBIT "D-1" OF 6   APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT- UNITED STATES DISTRICT COURT; SOUTHERN DISTRICT OF IOWA, CASE NUMBER 3-01-M-90051, (U.S. DISTRICT COURT FILED DATED 02/22/01- 10:48 AM- DAVENPORT, IOWA).

18. "   "   "D-2" OF 6   APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT - ATTACHMENT "A"- AFFIDAVIT.

19. "   "   "D-3" OF 6   P.2- APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT- ATTACHMENT "A"- AFFIDAVIT - CONTINUED.

20. "   "   "D-4" OF 6   P.3-APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT - ATTACHMENT "A"-AFFIDAVIT - CONTINUED, (DATED 02/22/01).

21. "   "   "D-5" OF 6   APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT - ATTACH- MENT "C" - ITEMS TO BE SEIZED.

22. "   "   "D-6" OF 6   SEARCH WARRANT - UNITED STATES DISTRICT COURT; SOUTH- ERN DISTRICT OF IOWA, CASE NUMBER 3-01-M-90051, (DATED 02/22/01-10:43AM; U.S. DISTRICT COURT FILED DATED 03/01/01- 10:29, DAVENPORT, IOWA).

23. EXHIBIT "E"   FEDERAL DISTRICT COURT HEARING ON MOTIONS TRANSCRIPT, CRIMINAL NO. 03-54- THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA DAVENPORT DIVISION (DAT-

ED MONDAY 06/30/03 - 8:30), (44 PAGES).

24. EXHIBIT "F-1" OF 5  RETURN OF SERVICE, CASE NUMBER 3-01-M-90051, RESI-
   DENCE OF CHARLES WILLIAM RAY 840 EAST IOWA STREET,
   UNIT 3C, ELDRIDGE, IOWA - 11:20 AM TO 4:15 PM, FEBRUARY
   22, 2001, (U.S. DISTRICT COURT FILED DATED 03/01/01 -
   10:30 AM, DAVENPORT, IOWA), P.1; ITEMS #1 THRU #8.

25. "  "  "F-2" OF 5  P.2 - RETURN OF SERVICE, ITEMS #9 THRU #27 - CONTINUED.

26. "  "  "F-3" OF 5  P.3 - RETURN OF SERVICE, ITEMS #28 THRU #46 - CONTINUED.

27. "  "  "F-4" OF 5  P.4 - RETURN OF SERVICE, ITEMS #47 THRU #65 - CONTINUED.

28. "  "  "F-5" OF 5  P.5 - RETURN OF SERVICE, ITEMS #66 THRU #78 - CONTINUED.

29. EXHIBIT "G-1" OF 2  EPD GUN INVENTORY, CHARLES W. RAY, #01-000261,
   P.1; ITEMS #1 THRU #45.

30. "  "  "G-2" OF 2  P.2 - EPD GUN INVENTORY, ITEMS #46 THRU #69 - CONTINUED.

31. EXHIBIT "H"  AFFIDAVIT - IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY,
   NO. CIF 103502, SEIZING AGENCY NO. 100261 EPD, THEODORE
   J. PRIESTER, ASSISTANT SCOTT COUNTY ATTORNEY, (DATED
   12/09/04, IOWA DISTRICT COURT FILED DATED 12/09/04).

32. EXHIBIT "I-1" OF 2    IN REM FORFEITURE COMPLAINT - IN THE IOWA DISTRICT
COURT FOR SCOTT COUNTY, NO. 103502, SEIZING AGENCY
NO. 1000261 EPD, (DATED 11/18/04, IOWA DISTRICT COURT
FILED DATED 11/18/04 - 1:08 PM).

33. "  "  "I-2" OF 2    P.2- IN REM FORFEITURE COMPLAINT- CONTINUED.

34. EXHIBIT "J"    INSTRUCTIONS FOR SERVICE, (DATED 11/19/04).

35. EXHIBIT "K"    PETITION COVER SHEET - EQUITY CASES FILED IN IOWA DIS-
TRICT COURT, THEODORE J. PRIESTER (ATTORNEY P.I.N.
4223), SCOTT COUNTY ASSISTANT ATTORNEY, CASE NUMBER:
NEW 103502; COUNTY WHERE CASE FILED: SCOTT.

36. EXHIBIT "L"    PUBLICATION NOTICE IN REM FORFEITURE COMPLAINT - IN THE
IOWA DISTRICT COURT FOR SCOTT COUNTY, NO. CIF 103502,
SEIZING AGENCY NO. 1000261 EPD, (IOWA DISTRICT COURT
FILED DATED 12/09/04 - 3:21 PM).

37. EXHIBIT "M"    AFFIDAVIT OF PUBLICATION - STATE OF IOWA, SCOTT COUNTY,
(DATED 12/17/04; RECEIVED DATED 12/27/04, SCOTT
COUNTY ATTORNEY'S OFFICE; IOWA DISTRICT COURT
FILED DATED 12/29/04 - 3:31 PM).

38. EXHIBIT "N"    NOTICE OF INTENT TO FILE WRITTEN APPLICATION FOR DEFAULT-
IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY, NO. CIF
103502, SEIZING AGENCY NO. 100261 EPD, (DATE OF MAILING
NOTICE: 01/28/05, IOWA DISTRICT COURT FILED DATED 01/31/05-
9:03 AM).

39. EXHIBIT "O"    AFFIDAVIT - IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY,
COURT NO. CIF 103502, SEIZING AGENCY NO. 100261 EPD,
THEODORE J. PRIESTER, ASSISTANT SCOTT COUNTY ATTORNEY,
(DATED 01/31/05; IOWA DISTRICT COURT FILED DATED 01/31/05-
9:03 AM).

40. EXHIBIT "P"    PROSECUTING ATTORNEY'S APPLICATION FOR FORFEITURE ORDER -
IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY, NO. CIF 103502,
SEIZING AGENCY NO. 1000261 EPD, (DATED 02/16/05, IOWA
DISTRICT COURT FILED DATED 02/16/05 - 3:01 PM).

41. EXHIBIT "Q"    FORFEITURE ORDER (UNCONTESTED) - IN THE IOWA DISTRICT COURT
FOR SCOTT COUNTY, NO. CIF 103502, SEIZING AGENCY NO. 1000261
EPD, (DATED 02/16/05; IOWA DISTRICT COURT FILED DATED
02/16/05 - 3:01 PM).

42. EXHIBIT "R"    PLAINTIFF RAY LETTER TO EPD CHIEF MARTIN J. STOLMEIER,
(DATED 11/30/05, EPD RECEIVED DATED 12/05/05).

43. EXHIBIT "S-1" OF 4   EPD CHIEF MARTIN J. STOLMEIER LETTER TO PLAINTIFF
                  RAY, (DATED 12/12/05).

44. "   "   "S-2" OF 4   STATE OF IOWA FORFEITURE ORDER - COPY, (SAME AS EXHIBIT "Q").

45. "   "   "S-3" OF 4   PLAINTIFF RAY LETTER TO EPD CHIEF MARTIN J. STOLMEIER -
                  COPY, (SAME AS EXHIBIT "R").

46. "   "   "S-4" OF 4   EPD LETTER ENVELOPE ADDRESSED TO PLAINTIFF RAY,
                  (POSTMARKED: 12/12/05 - QUAD CITIES IL P & DF 612).

47. EXHIBIT "T"   STATE OF IOWA DISTRICT COURT TRIAL CASE DETAIL FILINGS
                 " STATE OF IOWA VS. RAY CHARLES WILLIAM, CASE: 07821
                 SPCE 103502 (SCOTT), (DATED 01/05/2006; IOWA DISTRICT
                 COURT FILED DATED 02/16/2005; CREATE DATE 02/17/2005;
                 LAST UPDATE 02/25/2005).

48. EXHIBIT "U"   JOHN P. MESSINA, FEDERAL PUBLIC DEFENDER, LETTER TO
                 PLAINTIFF RAY, (DATED 12/15/2005).

49. EXHIBIT "V-1" OF 2   AFFIDAVIT OF CORRECT ADDRESS FOR PLAINTIFF CHARLES
                 W. RAY, FROM MAY 10, 2004 TO SEPTEMBER 1, 2006,
                 CHARLES W. RAY, PLAINTIFF, (DATED SEPTEMBER 1, 2006).

50. "   "   "V-2" OF 2   P.2 - AFFIDAVIT OF CORRECT ADDRESS - CONTINUED.

ADDENDUM "A"

PLAINTIFF RAY, ALLEGES THE FOLLOWING TWELVE (12) PROPERTY SEIZED INVEN-
TORY DISCREPANCIES FOR THE FIREARMS AND OTHER ASSOCIATED PROPERTY, THE
PERSONAL PROPERTY OF PLAINTIFF RAY, AS NOTED AND AS FOLLOWS:

THE PROPERTY SEIZED INVENTORIES, AS LISTED ON THE U.S. FEDERAL SEARCH
WARRANT RETURN OF SERVICE, CASE NUMBER 3-01-M-90051, U.S. CASE NUMBER
3:03-CT-00054-RP-ALL (REFERENCE EXHIBITS "F-1" THRU "F-5"), AND THE EPD
"GUN INVENTORY, CHARLES W. RAY, #01-000261," (REFERENCE EXHIBITS "G-1"
AND "G-2"), DO NOT AGREE. THE FEDERAL RETURN OF SERVICE LISTS SEVENTY-
TWO (72) FIREARMS, WHILE THE EPD "GUN INVENTORY" LISTS SIXTY-EIGHT (68)
FIREARMS AND ONE (1) PNEUMATIC AIR RIFLE. THE FOLLOWING SPECIFIC TWELVE
(12) DISCREPANCIES ARE APPARENT:

#1) REFERENCE EXHIBIT "F-2", LINE ITEM #26-
    SHOT GUN, BENELLI, MODEL M3 SUPER 90, 12 GAUGE, S/N-M196411. (CODE 5)

    THIS FIREARM IS NOT LISTED ON THE EPD "GUN INVENTORY", (REFER-
    ENCE EXHIBITS "G-1" AND "G-2").

#2) REFERENCE EXHIBIT "G-1", LINE ITEM #26-
    BSA, .177, WD01292, BLUE, RIFLE, SCOPE

    THIS ITEM IS NOT A FIREARM. THIS IS AN AIR ACTUATED 0.177 CALIBER

PNEUMATIC PELLET RIFLE. THIS ITEM IS NOT LISTED ON THE
U.S. FEDERAL SEARCH WARRANT RETURN OF SERVICE, (REFER-
ENCE EXHIBITS "F-1" THRU "F-5").

#3) REFERENCE EXHIBIT "F-5", LINE ITEM # 70-
RIFLE, RUGER, MODEL 10/22, .22 CALIBER, S/N-23953883.
(CODE 4)

THIS FIREARM IS NOT LISTED ON THE EPD "GUN INVENTORY,"
(REFERENCE EXHIBITS "G-1" AND "G-2").

#4) REFERENCE EXHIBIT "F-5", LINE ITEM #71-
RIFLE, RUGER, MODEL 10/22, .22 CALIBER, S/N-12341906. (CODE 4)

THIS FIREARM IS NOT LISTED ON THE EPD "GUN INVENTORY,"
(REFERENCE EXHIBITS "G-1" AND "G-2").

#5) REFERENCE EXHIBIT "F-5", LINE ITEM #72-
SHOTGUN, UNKNOWN ITALIAN MAKE, KASSNAR IMPORTING, MODEL
OVER/UNDER, 20 GAUGE, S/N-22109. (CODE 1)

THIS FIREARM IS NOT LISTED ON THE EPD "GUN INVENTORY,"
(REFERENCE EXHIBITS "G-1" AND "G-2").

#6) REFERENCE EXHIBIT "F-3", LINE ITEM #28 -

SHOTGUN, FRANCHI (FIE), MODEL SPAS 12, 12 GAUGE,

S/N - AA 203891. (CODE 1)

REFERENCE EXHIBIT "G-1", LINE ITEM #28 -

FIE / FRANCHI, SPAS 12, 12 GA, AA 20391, BLUE, SHOTGUN

THE SERIAL NUMBERS DO NOT AGREE.

#7) REFERENCE EXHIBIT "F-5", LINE ITEM #73 -

BLUE 3-RING BINDER CONTAINING FEDERAL FIREARM

LICENSES AND FFL RECORDS OF CHARLES W. RAY.

(FOUND IN SAFE IN SE BEDROOM).

THIS ITEM IS NOT LISTED ON THE EPD "GUN INVENTORY;"

(REFERENCE EXHIBITS "G-1" AND "G-2").

#8) REFERENCE EXHIBIT "F-5", LINE ITEM #74 -

SEARS CREDIT CARD STATEMENT ADDRESSED TO CHARLES RAY

OF 840 EAST IOWA STREET, UNIT 3C; ELDRIDGE, IOWA.

(FOUND ON KITCHEN COUNTER)

THIS ITEM IS NOT LISTED ON THE EPD "GUN INVENTORY,"

(REFERENCE EXHIBITS "G-1" AND "G-2").

#9) REFERENCE EXHIBIT "F-5", LINE ITEM #75 -

    (2) WOODEN "WINCHESTER" BOXES FULL OF AMMUNITION. (CODE 6)

    THESE ITEMS ARE NOT LISTED ON THE EPD "GUN INVENTORY",
    (REFERENCE EXHIBITS "G-1" AND "G-2").

#10) REFERENCE EXHIBIT "F-5", LINE ITEM #76 -

    (2) PLASTIC AMMO BOXES (ONE ORANGE & ONE GREEN)
    FULL OF AMMUNITION. (CODE 6)

    THESE ITEMS ARE NOT LISTED ON THE EPD "GUN INVENTORY",
    (REFERENCE EXHIBITS "G-1" AND "G-2").

#11) REFERENCE EXHIBIT "F-5", LINE ITEM #77 -

    (2) CARDBOARD BOXES FULL OF MISCELLANEOUS AMMUNITION. (CODE 6)

    THESE ITEMS ARE NOT LISTED ON THE EPD "GUN INVENTORY",
    (REFERENCE EXHIBITS "G-1" AND "G-2").

#12) REFERENCE EXHIBIT "F-5", LINE ITEM #78 -

    (1) SEALED CARDBOARD BOX (FACTORY) CONTAINING 500 ROUNDS
    OF .40 CALIBER AMMUNITION. (CODE 6)

    THIS ITEM IS NOT LISTED ON THE EPD "GUN INVENTORY",
    (REFERENCE EXHIBITS "G-1" AND "G-2").

## ADDENDUM "B"

"ALL THE KNOWN FACTS ARE NOT ALL THE FACTS"

PLAINTIFF RAY'S VIRTUAL CHRONOLOGICALLY ORDERED EVENTS, OTHER FACTS, AND ALLEGATIONS CONTAINED IN THIS COMPLAINT, POINT TO CONSPIRACY, GRAND THEFT BY DECEPTION, GRAND THEFT BY DEPRIVATION, FIREARMS THEFT BY DECEPTION, FIREARMS THEFT BY DEPRIVATION, POSSIBLE RACKETEERING UNDER RICO (RACKETEER INFLUENCED CORRUPT ORGANIZATIONS ACT, TITLE 18 U.S.C. SECTION 1961), AND PERHAPS OTHER ILLEGAL ACTIVITY.

THE FIVE (5) DISCREPANT FIREARMS, (REFERENCE ADDENDUM "A"), WERE LEGALLY PURCHASED, LEGALLY REGISTERED, AND ARE TRACEABLE TO PLAINTIFF RAY. THIS IS ALSO TRUE OF THE BALANCE SIXTY-EIGHT (68) FIREARMS.

PLAINTIFF RAY IS EXTREMELY SUSPICIOUS OF ILLEGAL ACTIVITY BY THE EPD, THE EPD LISTED DEFENDANTS, AND OTHER DEFENDANTS LISTED IN THIS ACTION, (REFERENCE EXHIBIT "U"), EXHIBIT "U" STATES:

"I CALLED THE IOWA BUREAU OF CRIMINAL INVESTIGATION TODAY, (DECEMBER 15, 2005), AND SPOKE WITH ROBERT HARVEY, WHO TOLD ME THE BUREAU KEPT JUST A FEW OF THE GUNS AND RETURNED THE REST TO THE ELDRIDGE POLICE DEPARTMENT."

PLAINTIFF RAY, SUSPECTS THAT SOME OR ALL OF HIS PERSONAL PROPERTY SEVENTY-TWO (72) FIREARMS MAY HAVE BEEN NOT ONLY ILLEGALLY AND WRONGFULLY "CONFISCATED", BUT ALSO DIVERTED FROM U.S. FEDERAL DISTRICT COURT EVIDENCE BY EPD PERSONEL FOR THEIR PERSONAL BENEFIT.

PLAINTIFF RAY, RESPECTFULLY REQUESTS THAT ALL OF HIS PERSONAL PROPERTY / U.S. FEDERAL DISTRICT COURT EVIDENCE BE ACCOUNTED FOR.

PLAINTIFF RAY, RESPECTFULLY REQUESTS THAT THE COURT ORDER A FEDERAL INVESTIGATION TO DETERMINE THE FINAL DISPOSITION OF ALL THE SEIZED SEVENTY-TWO (72) PLAINTIFF RAY'S PERSONAL PROPERTY FIREARMS AND THE BALANCE OF HIS SEIZED ASSOCIATED PERSONAL PROPERTY / EVIDENCE, SO THAT –

"ALL THE KNOWN FACTS ARE ALL THE FACTS."

PLAINTIFF RAY, RESPECTFULLY SUGGESTS:

1) CONTACT THE IBCI TO IDENTIFY "THE FEW THEY KEPT."

2) CONTACT THE EPD FOR DISPOSITION DOCUMENTED PROOF

   AND IF WARRANTED, SEARCH WARRANTS FOR:

3) THE EPD POLICE STATION

4) EPD PERSONEL RESIDENCES

RESPECTFULLY SUBMITTED,

SEPTEMBER 3, 2006

Charles William Ray

DATE

CHARLES WILLIAM RAY,

PLAINTIFF PRO-SE

CHARLES W. RAY

REG. NO. 11840-030

FEDERAL CORRECTIONAL INSTITUTION

P.O. BOX 1000

OXFORD, WI 53952-1000

STATEMENT OF VERIFICATION

I HAVE READ THE ABOVE COMPLAINT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE.

Charles William Ray

CHARLES WILLIAM RAY

NOTARIZATION

STATE OF WISCONSIN, ADAMS COUNTY, SS.

SUBSCRIBED, SWORN TO, AND ACKNOWLEDGED BEFORE ME BY CHARLES WILLIAM RAY
THIS 3rd DAY OF SEPTEMBER, 2006.

COMM EXP 03/22/2009

NOTARY PUBLIC WISC